## McGeehee v. Hill.

1. Where a contract was entered into by McG. & H., for the sale and delivery by the former to the latter, of a quantity of Corn and Fodder, " as early next fall as the same may be ready to house," and the vendor offered to deliver one load and demanded payment, which the vendee agreed to receive, but refused payment until the whole was delivered—held

2. 1. That a contract for the delivery of a ponderous article, such as Corn and Fodder, is made in reference to the habits and means of transportation, common in the country ; and when it cannot be conveniently delivered at one time may be delivered at different times, but that payment cannot be demanded until the whole is delivered,·

3. 2. That in a suit by the vendee against the vendor, proof that the vendee had property and credit sufficient to enable him to raise money, and that he could have done so, was sufficient evidence, *prima facia*, of ability to pay at the breach of the contract.

4. Parol evidence admissible to prove that the witness had conveyed his interest in a contract for the delivery of Corn and Fodder, to him in unconditional payment of a debt, by a relinquishment in writing to that effect, without producing the writing or accounting for its absence.

Error to the Circuit Court of Montgomery County..

THIS was an action of trespass on the case brought by the defendant in error against the plaintiff in error, on an instrument in the following words :—

" Articles of agreement entered into between Wm. W. Hill, of the one part, and Abner McGehee, of the other part ; witnesseth that the said McGehee doth hereby obligate himself to deliver to the said Hill, at his stables in the town of Montgomery, five thousand bushels of good merchantable corn, and fifty thousand weight of good fodder, as early next fall as the same will be dry enough to house : unavoidable accidents only excepted. Said Hill doth hereby obligate himself to pay said Mc-

McGeehee v. Hill.

Gehee, on the delivery of said corn, fifty cents per bushel, and one dollar and twenty-five cents per hundred for said fodder.

"ABNER McGEHEE,

"W. W. HILL.

"27th January, 1833."

To a declaration on this agreement, in the usual form, the defendant pleaded *non assumpsit*, and that he offered to deliver the corn and fodder, but the plaintiff refused to receive it. The plaintiff below had judgment.

On the trial in the court below a bill of exceptions was sealed, which discloses that the plaintiff below offered to read the deposition of one Todd Robinson, which was objected to on the ground that the deposition showed the witness was interested, and that the release spoken of, in the manner as stated by the witness, was the best evidence. The court overruled the objection, to which the defendant below excepted.

The defendant below proved that it was the custom at the time and still is, on delivering large quantities of corn and fodder, in the town of Montgomery, to deliver it by wagon loads, from time to time, until the whole is delivered; and that the defendant hauled a load of fodder in September, 1833, and offered to deliver the same to plaintiff, in part performance of the contract, at the same time telling the plaintiff he had made a bad crop and did not raise corn and fodder enough to comply with the contract and support his farm. Plaintiff replied that he would receive none without the whole. Defendant then told him to prepare to receive it, as he, defendant, wished to haul the corn and fodder whilst the roads were good, but the plaintiff must pay for it as delivered, load by load. This plaintiff refused—and refused to pay for the same until all was delivered; and did not pay for the load of fodder, and therefore, it was not delivered.

This altercation took place forty yards from the stable where the corn and fodder were to have been delivered.

On this testimony the court charged the jury that by the evidence of the custom, if so established by the proof, that the defendant could deliver the corn and fodder at different times, by wagon loads, and if he so chose to deliver it, the plaintiff

was so bound to receive it ; but that if the defendant so chose to deliver the corn and fodder, he could not require payment of plaintiff for any part until the whole was delivered, and that plaintiff was not bound, although he might assent thus to receive the corn and fodder and pay for it, as it was delivered, load by load. . To which charge the defendant excepted.

The defendant's counsel then moved the court to charge the jury that in order to entitle the plaintiff to recover in this suit, he must prove, on his part, readiness and ability to pay the money at such time as the corn and fodder should have been delivered, and that although the jury might believe the plaintiff possessed property and credit sufficient to have raised the money, that was not sufficient proof of ability, but that they should believe the plaintiff actually had the money in pocket before he could recover in this suit. Which the court refused, but charged that if the plaintiff had property and credit, and could have raised the money at the time the contract was to have been performed, that would constitute sufficient readiness as to the money to be paid, and after that proof, if defendant wished to discharge himself from the non-delivery of the corn and fodder, for want of funds, he must show the plaintiff insolvent or otherwise unable to pay ; to which charge and refusal defendant excepted.

The matters of law arising out of the bill of exceptions. are now assigned for error.

DARGAN, for plaintiff in error—(cited 4 Porter, 176 ; 12 Johnson's Rep. 209 ; 2 Starkie's Ev. 454 ; 1 Douglass, 201 ; 3 H. & Johns., 239 ; Story's Conflict of L. 226 ; 2 B. & Ald. 746.

GOLDTHWAITE, contra—1 East N. P. 1, 162 ; 15 East p. 37 ; 11 Eng. Com. Law, 256 ; 12 Johns. Rep. 165 ; 5 Johns., 178 ; 1 East, 204 ; 2 Bos. & P., 447 ; 1 Stewart's Rep. 160 ; 15 East, 55.

ORMOND, J.—The first point made in the cause arises, out of the supposed interest of the witness, Todd Robinson. The witness in his deposition states, that some time during the fall of

McGeehee v. Hill.

1833, he purchased from the defendant in error one half the property on which his stables stood, and at the same time purchased an interest in the contract for the delivery of the corn and fodder, which is the subject of this suit. He further states in his deposition that he has no interest in the event of the suit, that he thinks his interest was disposed of to C. Robinson (for whose use the suit is brought) in the fall of 1834. He did not, at that time, make a final release to C. Robinson of his interest in writing, but the whole of his interest was given up to him, and from that time he has not considered himself interested. He made a final relinquishment to C. Robinson, about a year since in writing. He further stated that C. Robinson had made advances for him from time to time, the exact amount of indebtedness was not known by either C. Robinson or himself, and that this contract for corn and fodder, with some other property, was given up in unconditional payment of said debts.

The witness, though objected to, was admitted to testify, and the counsel for the plaintiff in error, now insist that as the witness stated there had been a relinquishment in writing given by Todd to C. Robinson, that the writing being the highest evidence of the fact, should have been produced.

This is a rule of law, the correct application of which, is frequently misunderstood. The witness having stated on his oath, that he had relinquished all his interest in the contract, was a competent witness, though the transfer of his interest was in writing. The written testimony would not have been as conclusive proof of the transfer as the oath of the party ; though it would, no doubt of itself, have been sufficient.

The case, perhaps, would have been different if a release had been given by C. Robinson to the witness ; it might then have been contended that the release must have been produced or its absence accounted for.

It is also objected that, as the interest in the contract was transferred to C. Robinson in payment of an antecedent debt, if a recovery was not had, the claim against Todd Robinson would be revived. If it be conceded to be true that where a note is received in payment of a precedent debt, it is no pay-

ment if no recovery can be had, yet, we do not think the principle applies to this case.    The transfer was of a contract to deliver corn and fodder at a particular price; this might or not be beneficial, depending on the rise or fall of the article to be delivered, and the contingencies of a law suit; where such a contract is received in *unconditional payment* of a precedent debt, there being no fraud or false representation, it must be understood to be a payment in any event.    There was, therefore, no error in receiving the deposition of the witness.

The remaing questions which go to the merits of the case are, *first*, had the defendant below a right to demand payment for each load of corn and fodder, as it was delivered ?

*Secondly*, what will be sufficient proof of readiness and ability on the part of the plaintiff below, at the time the corn and fodder should have been delivered ?

This is a question of some difficulty and of great importance to the community from the frequency of its occurrence.    It was determined by this court in the case of Young v. Foster, 7 Porter, 420, that a contract for the delivery of ponderous articles such as corn, must be understood and expounded in reference to the habits and means of transportation common in the country. So in this case, evidence was offered to show that it was the custom of the country to deliver corn by wagon loads.

The argument of the counsel for the plaintiff in error is, that such being the law it must be considered as a term of the contract that, on the delivery of each wagon load, as a part of the whole, the vendor has a right to insist on payment of the amount delivered, otherwise it would change the contract from cash to credit, and compel the vendor either to trust an insolvent man or subject himself to a suit for a breach of the contract.

This is a strong view of the case, but it is really more specious than solid.    No difficulty is ever found in carrying such a contract as this into effect, except in cases where between the making and execution of a contract there has been a rise or fall in the price of the article ; then it some times happens that the losing party casts about for some means of evading his contract.

McGeehee v. Hill.

It must have been foreseen at the making of this contract, that it could not be performed at one time, as it would take, at least, one hundred wagons to deliver the corn alone, and as the difficulty now suggested was not guarded against, we must presume the parties were willing to abide by the law applicable to such cases.

The contract is entire, yet the result would be if the argument of the plaintiff in error is correct that one hundred suits might grow out of it, for it will legitimately follow that if the vendor has a right to demand payment for each particular parcel delivered, that, on refusal to pay, he would have a right of action. No evil which could be imagined to flow from the contrary doctrine would be so great as this, and against which evils, if any exist, the contracting parties could, always, by their contract, provide.

The right to deliver the whole amount by parcels flows from the necessity of the case, and is for the benefit of the vendor; as otherwise there could be no delivery. But this permission cannot change the nature of the contract, so as to make many out of one. The Corn, when deposited there in parcels, would be the property of the vendor until the whole was ready to be delivered, when the right to demand payment would accrue.

There was, therefore, no error in the charge of the court on this point.

In reference to the remaining point in this case, all the authorities agree, that in an action for a breach of a contract of this description, either party, to recover of the other, must aver and prove an ability and willingness to perform his part of the contract; but what shall constitute that ability on the part of the vendee is not so clearly defined.

On the part of the plaintiff in error it is contended, that the defendant in error, to entitle himself to call for a performance of the contract from the plaintiff in error, must show that he had the money in his pocket at the time the contract should have been performed, and, although he might have property and credit sufficient to enable him to raise the money, that would

not enable him to recover. In support of this position, the case Ranson v. Johnson & East, Rep. 208, is cited.

That was an action for a breach of contract in failing to deliver on demand a quantity of malt. The only question before the court was, whether a tender was necessary to satisfy the averment of readiness and ability to pay. The court held that it was not. Lord Kenyon, says: "to be sure, under this averment the plaintiff must have proved that he was prepared to tender and pay the money if the defendant had been ready to have received it and to have delivered the goods." This remark must be understood in reference to the case which was *to deliver the goods on request*. As in such a case the vendee could not enforce the contract without a demand and proof of ability to pay, it would seem entirely reasonable, that his ability to pay at that instant of time should be shown, if the vendor had been ready to deliver the goods.

The contract in this case was to "deliver the corn and fodder as early next fall as the same will be dry enough to house, unavoidable accidents only excepted." It is obvious, considerable latitude was given to the vendor in the delivery of the corn, extending over a considerable space of time. Was it necessary, that during all this time, the vendee should have kept the money in his pocket to pay for the corn whenever an offer should be made to deliver it? The law, in requiring proof of ability in such cases as this, is to prevent either party from taking advantage of a breach of contract, which he himself was not able to comply with; and yet, if the law were thus to be settled, a man of undoubted ability to comply with his contract in point of fact, would in theory, be held incompetent.

The law is practical, and does not require any thing to be done which the common sense of mankind would reject as an absurdity. Let us bring it to this test—during the fall of the year in which the articles were to have been delivered, the plaintiff in error, after some altercation between him and the defendant in error, told him to prepare to receive the corn and fodder as he wished to deliver it whilst the roads were good, but

McGeehee v. Hill.

that he must pay for it as delivered, load by load; this the defendant in error refused to do, and refused to pay for the load of corn then offered to him on that condition. This must be considered as it doubtless was intended by the plaintiff in error, to be a refusal to comply with the contract except on these terms; and a right of action accrued to the defendant in error, if he was then able and willing to comply with the contract.

The counsel for the plaintiff in error, maintains that the only test of this ability would be having the money then in his possession. But would not his ability be just as certain if he had the money in Bank, subject to his check, or in the hands of a friend subject to his order or demand, or to go further, if the property in his possession, and his credit in the community were such that he could have promptly raised the money to meet his engagement, would it not be a certainty in a moral point of view, as positive as the other.

The jury who would have to pass on the question could not well be mistaken in the matter. It is one of those questions relating to the common business of life in which they could not well err, and in which it is very improbable they would do injustice; whilst on the other hand, to require as evidence of *ability*, the test proposed by the counsel for the Plaintiff in error would frequently work great injustice. We therefore conclude there is no error in the charge of the court, "that if the plaintiff had property and credit, and could have raised the money at the time the contract was to have been performed, that would constitute sufficient readiness as to the money to be paid."

It may be, that in such a case as that of Ranson & Johnson 1. East, referred to, where either party may entitle himself to an action by making a demand of the other and offering to perform, that he must show his ability then to perform; but that is not the present case, and it is not necessary now to express an opinion on it.

Let the judgment be affirmed.