ISAAC P. LYND, Respondent, *vs.* WILLIAM C. PICKET and OLIVER JONES, Appellants.

APPEAL FROM THE DISTRICT COURT OF FILLMORE COUNTY.

A complaint alleging that the Plaintiff, at a time specified, owned and had in possession certain personal property described, of a specified value; that the same was exempt from execution, it being the only team, and tackle therefor, owned by Plaintiff; that the same was seized and taken by Defendants, under a warrant of attachment by Defendants, directing a levy upon the property of Plaintiff not exempt from execution, states a good cause of action.

In such circumstances, it is not necessary to allege a demand and refusal, to constitute a cause of action.

The case of *Tullis vs. Orthwein*, 5th *Minn.*, 377, examined and commented on.

Where the complaint further states, that the Defendants seized the property under the warrant knowing it to be exempt, that fact if proved, may be considered by the jury in aggravation of damages.

Where irrelevant testimony is objected to and admitted, it will not be sufficient ground for setting aside a verdict, unless it appears or may reasonably be intended, that the evidence has prejudiced the complaining party.

Where the question of value is material, a denial that the property was of the value alleged in the complaint, is insufficient, and amounts to an admission of the allegation. The denial should state the property is of no value, or the value as the party claims it to be.

Where the Court rules out a proper question, but the witness subsequently testifies to the same facts sought to be elicited by the question, and the evidence actually goes to the jury without objection, the erroneous ruling cannot avail as ground for setting aside the verdict.

The time at which a party shall be allowed to introduce evidence is within the discretion of the Court, and cannot be interfered with by this Court except upon the ground of an abuse of discretion.

The Court charged the jury that if the property was exempt from execution and sale upon the process, it was also exempt from attachment. *Held*, that the instruction was correct.

Where a demand of exempt property seized on process, is necessary in order to enable the Plaintiff to recover, it need not necessarily be made at the time of the seizure by the officer, but should be made within a reasonable time, which must depend upon the circumstances of each particular case.

The Court charged that the taking of exempt property on attachment was wrongful, if the Plaintiff had not tacitly or otherwise waived his right to exemption. *Held*, that there was no error in such charge.

The following is a copy of the Complaint in this action :

The said Plaintiff complains that on the 16th day of November, 1859, he was the owner and entitled to the immediate possession of one span of horses, a double set of harness and one neck yoke, all of the value of two hundred and sixty-seven dollars, which property was exempt by law from attachment or execution—it being the only team and tackel therefor owned by this Plaintiff. That on the day aforesaid, Defendant Pickett was and still is sheriff of said county, duly elected and qualified, and that on said day one George W. Farmer was a deputy of said sheriff in and for said county, duly appointed and qualified. That on said day Defendant Jones sued out a writ of attachment from the District Court of said county, against the property of this Plaintiff in said county, not exempt from execution, in an action then pending in said Court, in which said Jones was Plaintiff and this Plaintiff was Defendant. That said Jones, well knowing that said property was exempt as aforesaid, on the same day placed said warrant in the hands of said Farmer as such deputy, and directed him to attach the said property. That said deputy did thereupon wrongfully attach the same, and take the same into his possession upon the said warrant, within the limits of said county, to wit : at Preston, in said county, and delivered the same to said Jones at his request.

That this Plaintiff has demanded the said property of said Defendants, who nevertheless wrongfully detain the same. That by such wrongful taking and detention of said property, this Plaintiff has suffered damages in the sum of five hundred dollars, for which amount he demands judgment besides costs.

The Defendants answered as follows :

The said Defendants, William C. Picket and Oliver Jones, answer the complaint of said Plaintiff, Isaac P. Lynd, and show to this Court,

That they deny that the property mentioned in said complaint, to wit: "one span of horses, a double set of harness and one neck-yoke," are of the value or worth the sum of two hundred and sixty-seven dollars, as alleged in said complaint.

Defendants, on information and belief, deny that said horses, harness and neck-yoke are now, or were at the time of the levy upon the same, as hereinafter alleged, exempt from attachment or execution by law, as alleged in said complaint.

Defendants deny that said George W. Farmer did, as deputy sheriff, or in any other manner, by the direction of Defendants or either of them, wrongfully attach the said property or any part thereof, or wrongfully take the same into his possession upon the said warrant.

Defendants deny that they wrongfully detain the said property, or any part thereof.

Defendants deny that Plaintiff has been damaged in the sum of five hundred dollars or in any other sum by reason of the matters set up in said complaint.

And further answering, Defendants say that by virtue of the writ or warrant of attachment mentioned in said complaint, said Farmer, as deputy sheriff, did levy upon one span of horses, one set of double harness and one neck-yoke, as the property of the Plaintiff in this action, as he, the said deputy Sheriff, had by virtue of his office and said warrant of attachment authority to do, and that the said property is now holden by virtue of and under said warrant of attachment, issued as in said complaint alleged, in a suit wherein Oliver Jones, one of these Defendants, is Plaintiff, and this Plaintiff is Defendant, then and now pending in this Court and yet undetermined.

Upon the trial the jury rendered the following verdict:

1st. That the Defendant Oliver Jones knew at the time of attachment that the said horses mentioned in the writ of attachment were exempt from attachment, levy and sale.

2d. And that said Oliver Jones knew at the time of taking said property that Plaintiff claimed said property as exempt from execution and sale.

3d. We the jury find a verdict for the Plaintiff, and assess his damages in the sum of $435 59-100.

The Defendants gave notice of a motion to set aside said verdict and for a new trial, and specified as the ground of the motion,—

1st. Excessive damages appearing to have been given under the influence of passion or prejudice.

2d. Insufficiency of the evidence to justify the verdict.

3d. That the verdict is against the law.

4th. Errors in law occurring at the trial and excepted to by the party making the application, viz: the exceptions taken by the Defendants.

And on the 14th day of November, 1861, in open Court, the said motion having been made by Defendants' attorneys, the Court ordered judgment to be entered on the verdict, and that all further proceedings be stayed for thirty days and until the further order of the Court, with liberty to the Defendants' attorneys to submit a statement of the case. The Plaintiff's attorneys to submit amendments thereto. The exceptions of the Defendants come up in a case made and settled by the Court.

Points and Authorities for Appellants.

I.—The complaint does not state facts sufficient to constitute a cause of action. *Pub. Stats.*, *p.* 568, *sec.* 90,—*p.* 570, *sec.* 99.

II.—If the complaint is laid under the first section cited, it will be seen that the property is not thereby exempt from "taking" on attachment, but only from "sale." Neither does the complaint state the facts required by subdivision 9 of the same section.

This section is not repealed by the act of Aug. 12, 1858, as the two are not inconsistent. The exemptions of the first are of a different class of property, and upon other conditions from any made in the latter.

III.—If the complaint is laid under *section* 99, *page* 570, *Public Statutes*, it is insufficient. The property was not exempt from " taking " on a warrant of attachment. *Public Stats., p.* 571, *sec.* 103. That portion of *sec.* 99, *p.* 570 *of Pub. Stats.*, which reads thus, " no property hereinafter mentioned or represented shall be liable to attachment, execution or sale, *or* any final process, &c," should read, " *on* any final process, &c." The word " or " is evidently inserted by typographical or clerical mistake. The language used shows conclusively that the insertion of the word " or " is by an error. *Tullis et al. v. Orthwein*, 5 *Minn. R.*, 377. The officer lawfully taking exempt property may lawfully detain it.

This section does not exempt a " team " as stated in the complaint. The complaint does not state that the property was selected or " chosen " by the Respondent, as required by subdivision 8 of this section. This allegation is necessary. *Frost vs. Shaw*, 3 *Ohio R.*, 270; 10 *Ala. R.*, 370; 3 *Gillman R.*, 578.

The exemption of property is a personal privilege which must be asserted in time, or it will be deemed waived. The claimant must bring himself within the provisions of the statute. *Micks vs. Towsly*, 1 *Cow. R.*, 114; *Earl vs. Camp*, 16 *Wend. R.*, 562; 5 *Denio R.*, 119; 3 *Gillman R.*, 578; *Van Sechler vs. Jacobs*, 14 *Johns. R.*, 434.

The act of August 12th, 1858, evidently intends that the claimant, must assert and give notice of his privilege at the time it is made, otherwise there would be no reason assignable why the Legislature should use the terms we find in the act of 1858, providing for a " selection " and " choice " both in the exemption of real and personal property. These terms were not in the law existing before that act, and must have been introduced to establish a new rule. The two acts referred to are in *pari materia*, and should be construed together. *Thayer vs. Dudley*, 3 *Mass. R.*, 296; *Holbrook vs. Holbrook*, 1 *Pick. R.*, 248, 254; 10 *ib.*, 235; 1 *Kent's Com.*, 463; 3 *Mass. R.*, 21.

Unless the selection is made and notice given, it is but just that the claimant should be deemed conclusively to have waived his privilege, *per Gleason J.*, *in Harper vs. Leal*, 10

*Howard, Pr. R.*, 283, etc.; *per Seldon J., in Crawford vs. Lockwood,* 9 *ib.,* 247.

That the debtor must make a selection is also apparent, from the fact that in most instances the language of the statute is in the alternative, and a selection is therefore a necessity. *See subdiv.* 6, *sec.* 99, *p.* 506 *of Public Stat.*

The complaint should state the facts constituting the cause of action, in ordinary and concise language. *Pub. Stat. p.* 540, *sec.* 641–2; *Dunn R.*, 674–5; *Sand. R.*, 566; 13 *How. Pr. R.* 37; *Rev. Marvin J., in Clift vs. White;* 2 *Kernan R.*, 538.

"Election" is a fact, and if material should be expressly found. 3 *Ohio R.* 270.

The allegation in the complaint that appellant Jones knew the property to be exempt, is not an allegation of the fact of "selection" or of notice, nor even of a conclusion from those facts.

The allegations that the property was "wrongfully" taken and detained, are not allegations of facts. *Ensign vs. Skerman* 13 *How. Pr. R.* 37; *Page vs. Boyd,* 11 *ib.* 417; *Thomas vs. Desmond,* 12 *ib.* 321; *Wooden vs. Strew,* 10 *ib.* 50; *Lawrence vs. Wright,* 2 *Duer R.*, 674.

The allegation of a "demand made" was entirely unnecessary, if the taking was "wrongful." 1 *Chit. Pl.*, 171–2 *and notes;* 2 *Starkie Ev.*, 5 *Am. Ed.* 842–3; *Hill R.*, 348; *Stillman vs. Squire,* 1 *Denio R.*, 327.

The demand alleged is on account of ownership, and not on account of exemption. The ownership was admitted by the taking. 1 *Chit. Pl.* 10 *Am. Ed.*, 159–60.

The allegation in the complaint that the property is exempt —"it being the only team and tackle therefor owned by the Plaintiff," is not the charging of a fact. It is only argumentative or explanatory of the conclusion preceding it.

The fact of the property being "the only team," &c. of Plaintiff, was wholly immaterial. It might or might not be true, and the property still be liable on attachment.

The taking was not wrongful unless the property was "chosen as exempt," and notice given thereof. *Pub. Stat. p.* 570, *etc., sec.* 99, 103–4.

It is claimed that if "selection" is necessary, that it would

vol vii.—25

only be a defence, and the want of selection and notice should have been pleaded and proved by Appellants. It would be a novel rule that would compel a party to allege and prove the absence of a fact. 1 *Chit. Pl.*, 222, is cited in support of this theory.

It is true that a party need not allege facts which would come more properly from the other side, but this is not an instance. If selection was necessary, it should have been stated in the complaint.

Points and Authorities for Respondents.

I.—The complaint is sufficient. It states that the property was exempt from attachment or execution ; that Jones, knowing it to be so, nevertheless directed the officer to attach it on a warrant which only authorized him to take property "not exempt from execution," and that the officer did so. This makes them both trespassers. *Comp. Stat.*, *ch.* 60, *sec.* 138, *p.* 551; *ch.* 61, *sec.* 8, *p.* 571; 3 *Starkie Ev.*, 1445; 2 *Greenl.*, *sec.* 622 ; *Woodbury vs. Long*, 8 *Pick.*, 543 ; 2 *Greenl.*, 579 ; 3 *Starkie*, 1459; *Stat.* 1862, *ch.* 43, *sec.* 1, *p.* 101.

The complaint is according to the precedents. *Abbott*, *p.* 315; 2 *Ch. Pl.*, 859.

The facts stated exclude the applicability of the supposed principle of " selection." *Stat. ch.* 61, *sec.* 8, *subdiv.* 8, *p.* 571; *Webster's Dic.*, "*Team.*"

Were it otherwise, it is matter of defence to be pleaded by Defendants. 1 *Ch. Pl.*, 222–225.

R. A. JONES, Counsel for Appellant.

RIPLEY, WELLS & CAVANAUGH, Counsel for Respondents.

*By the Court*—ATWATER, J.—The first objection raised by Defendants upon the trial of this action, is that the complaint does not state facts sufficient to constitute a cause of action. The complaint alleges that on the 16th of November, 1859, he was the owner and in possession of one span of horses, double set of harness, and neck yoke, of the value of $267,

which property was exempt by law from attachment or execution, it being the only team and tackle therefor owned by the Plaintiff. That Picket was sheriff of the county of Fillmore, and on said day Defendant Jones sued out a writ of attachment, from the District Court of said county, against the property of the Plaintiff not exempt from execution, in an action then pending in said Court, in which Jones was Plaintiff, and this Plaintiff Defendant. That said Jones, well knowing said property was exempt, on said day placed the writ in the hands of the deputy sheriff, and directed him to attach the property. That said deputy did wrongfully attach and take into his possession said property, and delivered the same to Defendant Jones at his request. The complaint then alleges a demand of the property, and wrongful detention by the Defendants.

*Sec. 99, p. 570, Comp. Stat.*, provides that " no property hereinafter mentioned or represented, shall be liable to attachment, execution or sale, or any final process from any Court in this State." The Appellants contend that the word " or " above quoted, should be " on," and that the word as printed is a typographical error. As the word used makes sense in the connection in which it is employed, and as we have no evidence that the error alleged really exists, we must take the language as we find it in the statute. If the construction claimed by Appellants be correct, and the property specified be only exempt from attachment and sale on final process, then the converse of the proposition might be urged with much force, that the property specified is liable to attachment *and sale* on mesne process, which, if true, would greatly limit the benefits which it would seem the law intended to confer upon the debtor.

This statute then provides that certain property shall not be liable to attachment, execution or sale. What is the liability here spoken of? Is it that an attachment or execution shall not be levied at all upon such property, or if levied upon, that it shall not be detained in possession of the officer, as provided by law, in ordinary cases?

*Sec. 103, p. 571, Comp Stat.*, contemplates that a levy may be made upon property exempt by law from execution. And

in *Tullis vs. Orthwein*, 5 *Minn.*, 377, we held that the officer holding an execution has the right to ˙levy upon property exempt from execution, and consequently to take the same into possession. This rule, although correct in that case, is perhaps too broadly stated, and is not applicable to every case of a levy of attachment or execution. The object aimed at by *sec.* 103, does not necessarily require such construction, and the application of the rule might in some cases lead to injustice. Where exempt property is mingled with other of the same kind not exempt, or where the debtor's property is so situated that the party cannot know that it is exempt, there may be justification for a levy, and liability therefor only arise, upon proper demand for the exempt property.

But where, as in the case at bar, a separate and distinct article of property is taken, which is expressly exempt by statute, and the party holding or directing the service of the writ, knows before or at the time of such service, that the property seized is exempt, there is no reason for claiming that the liability of the party attaching, does not occur at the time of the levy, nor that a demand and refusal is necessary in order to make the party levying liable as a wrong doer. In such circumstances, the wrong is committed at the instant of seizing the property, and the cause of action then accrues. A demand could not be necessary to inform the creditor of the rights of the debtor, for the statute fixes those, and a demand could be only an idle ceremony. The statute makes the exemption absolute, and not dependent upon. selection or demand by the debtor.

There are cases in which a selection and demand may be necessary, in order to fix the liability of the attaching party, and the case of *Tullis vs. Orthwein*, was strictly of that character. But there are cases in which such proceeding is unnecessary, and the one here presented is of that kind. The statute of 1851 only exempted the specified articles from *sale* under execution or attachment, and exempted a team in order to enable a person to carry on the profession, trade, occupation or business in which he was wholly or principally engaged. The law of 1858 has dispensed with these restrictions. It exempts the property absolutely, whether the debtor needs

the team for carrying on his business or not, and he is only required to make a selection, or demand, in the cases where the reasons as above referred to exist. Where such demand is necessary, it need not here be decided whether it is absolutely essential that the debtor should in terms specify that he demands the property on the ground that he claims it as exempt, though that, undoubtedly, would be the safer course.

The Plaintiff was sworn as a witness in his own behalf, and the four following questions were put to the witness, and respectively objected to by Defendant on the ground that they were irrelevant :

What if any team did you own on the 16th day of November, 1859 ?

What if any other team or stock did you own at that time ?

Did the Defendant Jones frequently visit your place of residence before the 16th day of November, 1859 ?

Was there any conversation between you and Defendant Jones, on or before the 16th day of November, 1859, in relation to the horses you have mentioned,—if so, state the time and place thereof ?

The answer of the Defendants denied that this property was exempt from attachment or execution, which issue necessarily involved that of the Defendant's knowledge on the subject. The object of the questions is not stated, but from their tenor, it is manifest that the evidence sought was to prove these issues, and especially the charge that the Defendant Jones knew the property was exempt. If the Plaintiff could show that he had no other team at the time of the levy, and that the Defendant had the means of, or actual knowledge of the fact, the circumstances would be material and relevant to the issue. We think the questions were relevant; and at all events, this Court would not be justified in setting aside a verdict on the ground that irrelevant questions or testimony was admitted, unless it appeared, or might reasonably be inferred that prejudice had been sustained by the complaining party.

Objections were taken by the appellants to any evidence showing or tending to show the value of the property. The

case does not state the ground of the objection below, but the reason here given is, on account of the insufficiency of the pleadings. This ground we think true in fact, but it cannot avail the Defendant, inasmuch as the insufficiency complained of, or that exists, occurs in the answer. The answer denies that the property is "of the value or worth the sum of two hundred and sixty-seven dollars, as alleged in the complaint." Where the question of value is material, this form of denial is insufficient, and admits the value as stated. It is in pleading termed a negative pregnant. Where a party would controvert an allegation of value, he must allege that the article is of no value, or.the value as he claims it to be. Under such an allegation as this, the value might be one cent less than alleged in the complaint, and yet the answer would be literally true. The Defendant cannot therefore complain that the Plaintiff introduced evidence to prove the value of the property, unless it were on the ground that it was to prove a higher value than was alleged in the complaint. And if the denial of value is good, then the Plaintiff should introduce proof to support the issue.

The Defendant offered in evidence the statement of facts expected to be proved by Perry H. Jewett, as stated in the affidavit of Defendants for continuance. A portion of the same was as follows, viz: "that said Plaintiff has not been actually damaged in any sum of money by reason of the alleged taking or detention of the property mentioned in the complaint, because the Plaintiff had no actual service for which said property was needed or could have been used by said Plaintiff." This evidence was objected to by Plaintiff, and excluded by the Court, to which ruling Defendants excepted.

It is claimed that this evidence was proper in mitigation of damages. No special damage is alleged or claimed for loss of service of the horses, and Defendant's counsel in his argument states, that if exemplary damages are allowed at all, it is on account of the injury to the feelings of. Respondent. Such is one reason given by most elementary writers, and, assuming it to be correct, we fail to see any error in excluding the evidence. An injury to the pocket of the Plaintiff

might occur from the seizure of the property, if he was mak-
ing any profitable use of it, and were damages predicated on
that ground, the evidence might be proper.  But the injury
to the feelings arises from the outrage upon the Plaintiff's
rights by the illegal seizure of his property, and it is scarcely
possible to conceive that such injury would be less because
the Plaintiff, at the time of the seizure, had not the team in
active service.

The following question was asked of Oliver Jones, (one of
the Defendants), a witness for the defence, by Defendant's
counsel, viz:  " Was any portion or the whole of the property
mentioned in complaint demanded of you, as exempt proper-
ty, by the Plaintiff or any one in his behalf,·before the com-
mencement of this action,—if so, when and where ? "   The
question was objected to as incompetent and irrelevant by
Plaintiff, and excluded by the Court, and this ruling is here
alleged as ground of error.

The complaint states that the Plaintiff demanded the prop-
erty of the Defendant, and the allegation is not denied by the
answer.  So far as a demand of the property is concerned,
therefore, it is admitted by the pleadings:  But it is claimed
by Appellants that the question was not intended to negative
the pleading—that it is confined to a demand " as exempt
property," and was proper as reaching the degree of malice
on the part of Appellants, and to go to the jury as affecting
the amount of exemplary damages.  In the views hereinbefore
expressed, with reference to the sufficiency of the complaint,
it is considered that a good cause of action is stated without a
demand.  The wrong was complete when the Defendants
took Plaintiff's exempt property, knowing it to be such.  And
if any malice there was, it was as fully expressed by that act
as it would have been by a refusal 'to deliver the property,
after it had been demanded as exempt.  The want of a de-
mand, either general, as stated in the complaint, or special,
as suggested by the question, could not diminish the guilt or
liability of the Defendants.  When the original taking is
wrongful the demand is unnecessary.

But whether this view be correct or not, is entirely imma-
terial so far as the Defendants are concerned, for in the very

next line after the statement that the objection of the Plaintiff was sustained, we read the witness further testified as follows: "I have no knowledge, and was not notified before the commencement of this action, by any person for the Plaintiff, or by the Plaintiff, that he claimed the property mentioned in complaint as exempt property." There was no motion to strike out this testimony so far as the case shows, and the Defendant has received the full benefit of his question, and has no ground to complain of the ruling upon the same.

The same witness was asked by Defendant's counsel this question, "Why did you not take the property the Plaintiff proposed to turn out to you in payment of your demand against him, and what reason did you assign at the time for not taking the same?" This question was objected to on the ground of irrelevancy, and excluded by the Court.

The witness in his direct examination had testified to a conversation with the Plaintiff, in October, 1859, in which the latter had claimed to own some other stock besides these horses, and in his cross examination said he either proposed to take some of the property, or the Plaintinff offered to turn out some. It is difficult to see how the answer to the above question, whatever it might be, could affect the issues in the case. It is claimed that it was proper as rebutting the cross examination of the same witness. How the answer to the question could rebut any statement the witness had made, is not apparent, and even were it so, it does not appear how the Defendant is prejudiced by not being permitted to rebut himself. Nor was it proper for the jury to take the testimony of Defendant as stated on cross examination into consideration as an aggravating circumstance, as the circumstance testified to occurred the month previous to the seizure, and was unconnected with it, and if the counsel for the Plaintiff made an improper use of the testimony in addressing the jury, the Defendant should have interposed his objection at such time.

E. C. Stacy was called as a witness in rebuttal by Plaintiff, and this question proposed, viz: "Had the Plaintiff in October, 1859, a yoke of oxen and another horse which he claimed to own?" To which the Defendants objected that the same

Lynd v. Picket et al.

was irrelevant and not in rebuttal, and that witness had been examined in chief to same point. The objection was overruled.

If the objection of irrelevancy relate to the issues raised by the pleadings, we think it is well taken, but the question was not irrelevant to the evidence offered by Defendants. The Defendant Jones had sworn that in October, 1859, Plaintiff claimed to own another horse, and a pair of steers. It is urged that the witness could not give evidence that the Respondent did not claim to own the property. But the question is susceptible of a division, and the witness might have known whether the Plaintiff had such property in possession, even if he could not state whether he claimed to own it. But no such objection was raised below. And even in regard to the claim of ownership, the testimony of the witness might not be entirely without weight, depending upon the degree of intimacy existing between witness and Plaintiff. The question following, with reference to the ownership of the grey horse, was objected to on the same ground, and substantially the same reasons justify its admission, and it is deemed unnecessary to further consider it. The time at which the question was admitted was within the discretion of the Court.

Some or one of the witnesses on the part of the Defendants, in testifying to the value of the horses, had given as a reason for the value fixed, that the horses were unsound. The Plaintiff in his rebutting evidence, asked the witness Stacy, "Were the horses attached by Defendants unsound?" This question was objected to by Defendants, on the ground that the witness had been examined in chief by Plaintiff, cross examined and dismissed by Defendants, and is a re-examination of the witness in chief, and is not in rebuttal. The objection was overruled.

If the objection be true in fact, that this question was a re-examination of the witness in chief, after he had once been dismissed, it is not ground of error. It is within the discretion of the Court to permit such re-examination, and a court of review will not interfere with the exercise of this discretion, unless it may be for abuse of the same. *Greenl. on Ev., Vol.*

vol vii.—26

1, *chap.* 3, *sec.* 431; *Graham & Waterman on New Trials, p.* 675–6, *et. seq.*

But we think the question was proper as rebutting evidence. Nothing had been said by the witnesses for the Plaintiff on their examination in chief as to the soundness or unsoundness of the horses. That was new matter introduced by Defendant. It was assigned as a reason by the witness for the low value he fixed upon the horses. We think the Plaintiff had the right to show that the witness was mistaken in his reason. To cut him off from this right would be giving too narrow a construction to the rule regarding the introduction of rebutting evidence. The witness Jones, who testified to this unsoundness, did so, it is true, upon cross examination by Plaintiff, but we think such cross-examination was pertinent to the direct, and that the Plaintiff did not, so far as the evidence shows, make the witness his own, as upon independent matter, and was entitled to contradict him. This view disposes of several other objections upon the same ground to evidence introduced by Plaintiff to the same point.

The Court charged the jury, "that Defendants admit in their answer that the Plaintiff demanded the property before the commencement of this action, and that therefore it was unnecessary to prove a demand in order to enable Plaintiff to recover, and also, that if said property was exempt from execution and sale upon the process, it was also exempt from attachment." To this charge the Defendants excepted.

In considering the objection to the complaint, which was first raised upon the trial, we had occasion to determine, that in this case, a good cause of action was alleged without reference to the allegation of a demand. The Court below seems to have tried the action upon the theory that a demand was necessary, but that it was admitted by the pleadings. It is true indeed, that a demand is admitted by the answer; but not the demand which the Defendant contends is necessary. But if no demand is necessary, then it does not appear that the Defendants have been prejudiced by the charge. It is claimed that the jury would consider the demand as in aggravation of damages. The language used in the charge, shows that the Court spoke of it in its relation to the cause of

action, as something necessary to "enable the Plaintiff to re-cover." There is no evidence that the jury considered the demand as in aggravation of damages, and we are not to pre-sume that such was the case. We do not see that the De-fendants are in any worse position under the charge, than they would have been, had the Court charged that no demand was necessary. Nor was there any error in the charge in relation to the liability of the property to attachment.

The Defendants asked the Court to instruct the jury as follows:

1st. The jury must be satisfied from the evidence that the property mentioned and claimed in the complaint as exempt property by the Plaintiff, was chosen by the Plaintiff as ex-empt property at the time the property was attached as stated in complaint, and admitted in the answer, and that the Plaintiff notified the Defendant, or the deputy sheriff, who attached the property, at that time that he so claimed his right of ex-emption—otherwise the jury must find a verdict for the De-fendants.

This instruction was refused by the Court, and Defendant excepted.

There was no error in the refusal to charge as requested. In the views hereinbefore expressed, it will be seen that we hold that in this case a demand, whether general, as alleged in the complaint, or special, in the language claimed by Defendant, was unnecessary. But even were a demand required, the in-struction would still be incorrect, in the form in which it is put by defendant. It cannot be true, as a general proposition, that where a demand is necessary to constitute a cause of ac-tion, that it should be made in all cases, *at the time* of the levy. Such a rule would sometimes work injustice, as cases might arise where it would be impossible for the debtor to make the demand at such time. The demand should be made within a reasonable time ; and what that is, must depend upon the circumstances of each case.

The Defendants further requested the Court to charge, that, "if the jury believe from the evidence that the taking com-plained of was not a wrongful taking, then the Defendants are entitled to a verdict." This instruction was given with

this explanation, that the taking was wrongful if the property was exempt from attachment, and the Plaintiff had not tacitly or otherwise waived his right to said exemption. To this explanation the Defendants excepted.

We think the law was correctly given as stated in the explanation to the charge requested by Defendants. If the property was absolutely exempt from levy upon attachment or execution, the taking was without authority of law, and necessarily wrongful.

The Defendants also asked the Court to instruct the jury " that the rule of damages in this action is the value of the property in cash, at the time of the taking, and legal interest on such sum from that time." This instruction was given with this further instruction, "that if the jury should find that the Defendants, knowing the property to be exempt, wilfully and maliciously attached the same for the purpose of harassing and oppressing the Plaintiff, then they would not be limited to the value of the property, and interest thereon, but they might award such damages to the Plaintiff as they should deem him entitled to under the circumstances." To this charge the Defendants excepted.

In regard to the rule of damages in cases like the present, the decisions have not been entirely uniform in this country, but the great weight of authority has been in favor of giving vindictive or exemplary damages. The rule as stated by Mr. Sedgwick is thus laid down. " Where either of these elements, (fraud, malice, gross negligence, or oppression,) mingle in the controversy, the law, instead of adhering to the system or even the language of compensation, adopts a wholly different rule. It permits the jury to give what it terms punitory, vindictive, or exemplary damages; in other words, blends together the interest of society and of the aggrieved individual, and gives damages not only to recompense the sufferer, but to punish the offender." *Sedg. on Dam.*, p. 39.

And Mr. Starkie states, that " as the jury in an action of trespass are not restrained in their assessment of damages to the amount of the mere pecuniary loss sustained by the Plaintiff, but may award damages in respect to the malicious conduct of the Defendant, and the degree of insult with which

the trespass has been attended, the Plaintiff is at liberty to give in evidence the circumstances which accompany and give a character to the trespass." *Stark. on Ev.*, vol. 2, *part* 2, *p.* 1114.

Mr. Greenleaf does not seem to approve this rule, although some of the authorities cited in the notes to his work on evidence, are those which sustain it. But we think the rule allowing punitory, or exemplary damages in cases of wilful and malicious trespass, is based upon sound reason, and recognized by too numerous and weighty authorities to be now disturbed. and will be regarded as the correct one by this Court. *Pacific Ins. Co. vs. Conard*, 1 *Baldwin*, 138; *Tifft vs. Culver*, 3 *Hill*, 180; *Gra. & Wat. on New Trials*, vol. 3, *p.* 1126; *Sampson vs. Henry*, 11 *Pick.*, 379; *Wills vs. Noyes*, 12 *Pick.*, 324. *Reed vs. Davis*, 4 *Pick.*, 215; 20 *Wend.*, 171; *Hoyt vs. Gelston*, 13 *John.*, 141.

The ground upon which the Court instructed the jury in this case, that they might award such damages as they should deem him entitled to under the circumstances, was put in strong language, so that they could not mistake the facts necessary to be proved in order to justify them in giving exemplary damages. They were instructed that they might give such damages, if the Defendants, knowing the property to be exempt, wilfully and maliciously attached the same for the purpose of harassing and oppressing the Plaintiff. It is claimed by Defendants that there were no aggravating circumstances in this case charged or proved. But we think the fact that Defendants knew the property was exempt at the time of the levy is an aggravating circumstance of the strongest character. It would have been a trespass on the part of Defendant to have seized Plaintiff's exempt property, even without knowledge that it was exempt. But when he seizes it with such knowledge, it is impossible to ascribe any other than a malicious motive to the act, and the jury we think would be justified from that fact alone, to find that it was done for the purpose of harassing and oppressing the Plaintiff. It was a gross outrage upon the rights of Plaintiff, which the law does not tolerate, and justly allows damages by way of punishment and example. " Whatever is done,"

(says Shaw, J., in *Wills vs. Noyes*, above cited,) "wilfully and purposely, if it be at the same time wrong and unlawful, and that known to the party, is in legal contemplation malicious. That which is done contrary to one's own conviction of duty, or with a wilful disregard of the rights of others, whether it be to compass some unlawful end, or some lawful end by unlawful means, or, in the language of the charge, to do a wrong or unlawful act, knowing it to be such, constitutes legal malice." We think there was no error in the charge as given.

The Defendants also requested the Court to charge that "exemplary damages are not allowed in this action." This instruction was refused by the judge, and correctly, for reasons hereinbefore stated.

The Court then instructed the jury, if they rendered a general verdict, to find upon the following questions of fact, (then submitted by the Court to the jury in writing,) viz:

1st. Whether at the time of taking said horses on the warrant of attachment, as alleged in the complaint, the Defendant Oliver Jones knew that said horses were exempt from attachment, levy and sale.

2d. Whether said Defendant Jones at the time of said taking knew that Plaintiff claimed said horses as exempt.

To both which directions Defendant excepted. The jury found affirmatively on both, and assessed the damages at $435.59.

The authority for submitting these special issues is given by *sec. 35, p. 561, Comp. Stat.* As to the objection here urged, that there is nothing in the pleadings or case showing that the Respondent did claim the property as exempt, it does not appear that this was the ground of the objection below. And furthermore as the case does not show that all the evidence taken upon the trial is presented to this Court, we cannot say that the verdict was unsupported by any evidence; especially as a general demand is alleged in the pleadings, and the evidence might have shown that the demand actually was upon the ground that the property was exempt. In such circumstances we cannot reverse the judgment upon the ground that there was no evidence to support the issue submitted to the jury.

It is also urged that the damages are excessive. Assuming that the jury found the value of the ·property as alleged in the complaint, (and as we hold admitted in the answer,) that amount with interest to the time of trial, would leave less than $150, found as exemplary damages. We are far from considering these as excessive damages under the circumstances, or as having been given under the influence of passion or prejudice, but as reasonable. The verdict cannot be reversed on this ground.

We have given this case, although not involving a large pecuniary amount, the consideration which the able and elaborate argument of the counsel for both parties has seemed to demand, and cannot find any ground to interfere with the verdict. The order refusing a new trial must be affirmed.