# Southern Railway Co. v. McEntire.

*Trespass to Realty.*

(Decided Feb. 26, 1910.  Rehearing denied June 30, 1910.
53 South. 159.)

1. *Trespass; Land; Pleading Ownership.*—Where a plaintiff in an action of trespass to realty must show possession or right to possession at the time, it is sufficient for him to allege in his complaint that the land belonged to him.

2. *Same; Malice; Intent.*—In trespass, malice need not amount to ill-will or hatred; it is sufficient if the trespass be intentional and in known violation of the owner's right.

3. *Same; Punitive Damages.*—Punitive damages are recoverable for a malicious trespass.

4. *Appeal and Error; Harmless Error; Pleading.*—Although a count in malicious trespass to land was withdrawn at a former term or trial, it was not reversible error for the court to permit the plaintiff to amend by adding such count at a later trial.

[Southern Railway Co. v. McEntire.]

5. *Same; Evidence.*—Where the court properly instructed on the measure of damages in an action against a railroad for trespass to land by constructing a track thereon, if it was error to allow plaintiff to show the value of a house on the land, it was harmless.

6. *Dismissal and Non-suit; Retraxit; Withdrawal of Count.*—The withdrawal of a count of complaint is not a retraxit.

7. *Same.*—To constitute a retraxit there must be formal and final renunciation by plaintiff of his right of action by which said renunciation is carried into judgment.

8. *Same.*—A dismissal or a discontinuance is not equivalent to a retraxit.

9. *Same; Withdrawal of Count.*—The withdrawal of a count is not a dismissal or discontinuance of plaintiff's cause of action.

10. *Pleading; Withdrawal of Count; Estoppel.*—The withdrawal of a count does not estop a plaintiff from refiling it with permission of the court.

11. *Same; Effect.*—The withdrawal of a count of a complaint is merely an amendment of the complaint, and unless fraud or intent to delay is shown such count may be refiled with the court's permission.

12. *Same; Complaint; Contents of Counts.*—A count of a complaint may state an independent cause of action or may state a cause of action in a different form to meet the varying phases of the evidence notwithstanding some causes may not be joined in the same complaint.

13. *Evidence; Value.*—Where the action was against a railroad company for trespass to land by constructing a track thereon, and the defendant had offered evidence that the land was chiefly suited for manufacturing purposes, it was competent for plaintiff to show the value of the house on the land.

14. *Eminent Domain; Trespass to Land; Evidence.*—Whether or not a third person's building extended into a street was irrelevant to any issue in an action against a railroad company for trespass to land by building its track there.

15. *Same; Damages; Elements.*—In determining the amount of damages caused to land by the building of a track thereon, the jury may consider its interference with the owner's access to a river.

16. *Same; Excessiveness.*—Where punitive damages were recoverable and the jury fixed the damages at an amount less than some witnesses testified were the actual damages, the verdict will not be disturbed, although a majority of the witnesses fixed the amount at much less.

17. *Same; Affirmative Instructions.*—Where it was shown that a railroad company built its tracks across plaintiff's land without his consent and without compensating him or offering to do so, the company was not entitled to an affirmative charge when sued for trespass to the land.

APPEAL from Morgan Circuit Court.

Heard before Hon. MARVIN WEST, Special Judge.

Action by R. P. McEntire against the Southern Railway Company for damages for trespass to realty. Judgment for plaintiff, and defendant appeals. Affirmed.

The first count alleges that the plaintiff owns and did own prior to 1st of December, 1904, the following described land, giving description, and that the defendant engaged in operating a railroad, and on or about said date caused an excavation two or three feet deep to be made across plaintiff's property, and has constructed or caused to be constructed a railroad track in said excavation, and proposes to propel cars and trains over said track. It is then averred that the entry by the railroad on the lands as aforesaid was without plaintiff's consent and without making him compensation, and that a part of his lot, which is described, has been rendered wholly useless, and the value of the remainder greatly diminished. Count 2 declares on a malicious trespass on the part of the defendant by the same act on the same property. It is alleged in the counts that there is a large two-story brick building on the property.

Exception was reserved to the following part of the oral charge of the court: "The second count of the complaint alleges that the trespass was malicious. The word 'malice,' so far as it is involved in this case, does not necessarily mean ill will or hatred; but in contemplation of law, if a wrongful act is committed against the property of another intentionally and purposely, and in known violation of the owner's rights, and without lawful excuse, this would authorize you to find that it was, done maliciously. If, from the evidence in this case, you should find that the allegation of the second count of the complaint is true, and that the defendant committed a malicious trespass upon the land of the plaintiff, and that injury to said land resulted proxi-

mately from such trespass, then you would be authorized to assess against the defendant punitive or exemplary damages; that is to say, damages awarded as a punishment to defendant for such malicious trespass. The amount of such punitive damages is to be fixed at such sum, not exceeding $4,000, as in the exercise of a reasonable and just discretion, after considering all the evidence, you should consider to be just and proper."

HUMES & SPEAKE, and WERT & LYNNE, for appellant. The court erred in instructing the jury that in assessing damages they should consider interference with plaintiff's right of access to the river.—*So. Ry. Co. v. McIntyre,* 44 South. 624. As to malice, the court should have instructed the jury as requested by the defendant. —*B. R. L. & P. Co. v. Randle,* 149 Ala. 539; *Same v. Hayes,* 44 South. 1036; *Same v. Spencer,* 39 South. 477; *Singer Mfg. Co. v. Taylor,* 43 South. 210. The court erred in admitting evidence as to the value of the house.—*Buck v. L. & N.,* 48 South. 699; *Gadsden v. Williams,* 44 South. 612; *Brinkmeyer, et al. v. Bethea,* 139 Ala. 376. It was improper to permit the witness to testify as to the amount of damages done the property. —*Donnell v. Jones,* 13 Ala 490; 110 U. S. 631.

CALLAHAN & HARRIS, for appellee. It was only necessary to aver that the land belonged to the plaintiff.— *O'Neal v. Simonton,* 109 Ala. 168; *Brinkmeyer v. Bethea,* 139 Ala. 377. The withdrawal of the count was not a retraxit nor did it estop the plaintiff from afterwards refiling it with the court's permission.—*Bullock v. Perry,* 2 S. & P. 319; *Coffman v. Brown,* 45 Am. Dec. 299. The court properly instructed as to the measure of damages, and hence, it was not error to reversal to have admitted evidence as to the value of the house.

—*Long D. T. & T. Co. v. Smith,* 47 South. 731. There was no error in allowing proof that the house of another extended into the street.—*Forst v. Leonard,* 116 Ala. 82; *Webb v. City of Demopolis,* 95 Ala. 116. The definition of malice by the court is correct.—*L. & N. v. Smith,* 141 Ala. 342; *Hicks Bros. v. Swift C. M. Co.,* 133 Ala. 425. The court did not err in permitting the jury to consider the interference with plaintiff's access to the river as a source of damage.—*Long D. T. & T. Co., v. Smith, supra.* The defendant was certainly not entitled to the affirmative charge.—*A. M. R. R. Co. v. Coskry,* 92 Ala. 257.

MAYFIELD, J.—While, in an action of trespass to land, it is necessary to prove that plaintiff was in possession or had the right to immediate possesion at the time of the alleged trespass, yet he need not allege such facts in that manner; it is sufficient to allege that the land in question belonged to plaintiff.—Code 1907, vol. 2, form 26, p. 1199; *Brinkmeyer v. Bethea,* 139 Ala. 377, 35 South. 996.

There was certainly no reversible error in allowing plaintiff to amend his complaint by adding count 2 thereto, because, on the former trial, or at a former term of the court, plaintiff had withdrawn this count from his complaint. If not a matter of absolute right under the statute (and we do not decide this), it was certainly within the discretion of the court to allow the amendment at that time and in that manner. Withdrawing the count as it was withdrawn clearly did not amount to a "retraxit," or estop or prevent plaintiff from refiling the same, and certainly not, with the permission of the court.

Under our system of pleading, the withdrawing of one of several counts of a complaint is nothing more,

in effect, than an amendment of the complaint by strik-
ing out such count; and there is no impropriety, much
less error, in allowing the plaintiff to refile the count
thus stricken out or to again amend his complaint, by
adding thereto the count theretofore withdrawn or
stricken, unless it should be made to appear that the
pleader, in so doing, was trifling with the court, or in-
tending to delay the trial.

Such withdrawal of certain counts is not a "retraxit,"
nor tantamount thereto. It is not a formal renuncia-
tion of plaintiff's right of action in open court, by which
plaintiff forever loses his right of action, or by which
it is carried into the judgment of the court. This much
is necessary to constitute a retraxit. It is not, in the
instant case, even a dismissal or a discontinuance of
plaintiff's entire cause or right of action. A dismissal
or discontinuance is not equivalent to a retraxit.—*Bul-
lock v. Perry,* 2 Stew. & P. 319; *Thomason v. Odum,*
31 Ala. 108, 68 Am. Dec. 159; *McGeehee v. Hill,* 1 Ala.
145.

While each count of a complaint and each count of
an indictment may be said, in some cases and for some
purposes, to state an independent and separate cause of
action or offense, such is not always the case for all
purposes. In some cases each count states one and the
same cause of action, but in different form or in differ-
ent language, to meet different phases of the evidence;
yet several causes of action or offenses may be joined in
the same complaint, but not in the same count; but
there are some causes of action and some offenses
which cannot be joined in the same complaint or in the
same indictment, much less in the same count.

We see no error in allowing the plaintiff to prove the
value of his house on the land in question. While of
course the true measure of plaintiff's damages was the

difference in value of plaintiff's land in question, before and after the trespass and wrongs thereto complained of, yet, if it be proper to prove the value of the house in order to ascertain this difference, it does not appear that this evidence did or could have prejudiced or damaged defendant; but in fact it was properly called forth by defendant's evidence offered, which tended to prove that the land in question was fitted and suitable chiefly for manufacturing purposes, and not for the purpose of residence property, or for that for which plaintiff was using it, and that therefore the construction of the railroad upon a part of it would tend to enhance the value thereof, rather than to depreciate the value. It appears that the court properly instructed the jury as to the measure of damages, so no injury could have resulted from the admission of this evidence.

There was no error in the court's declining to allow defendant to ask plaintiff if one Hall's building did not extend a certain distance into a certain street. This was not a disputed or material question under any issue in the case. If a fact, it was no justification for any wrong complained of in this action, and if so the fact was shown and undisputed.—*Forst v. Leonard,* 116 Ala. 82, 22 South. 981.

We cannot say there was no evidence in this case tending to show malice on the part of defendant's agents, in committing the trespass complained of, nor that there was error in that part of the oral charge relating to malice and to which an exception was reserved.—*Smith's Case,* 141 Ala. 342, 37 South. 490; *Hick's Case,* 133 Ala. 425, 31 South. 947, 57 L. R. A. 720, 91 Am. St. Rep. 38.

If the trespass to plaintiff's property complained of cut off the access to the river from this property, this

might be considered as one of the elements going to make up the entire damages claimed to have been suffered on account of the trespass. This was all the charge of the count as to this matter amounted to.

It was certainly shown that defendant constructed its railroad across a part of plaintiff's land, knowingly and without his consent, and without compensating him therefor, and without offering so to do. It might be inferred, if the evidence does not show, that it was so constructed on this land over his protest. Clearly there was no error in the court's declining to give the general affirmative charge as to any count of the complaint. There was evidence tending to support each.

The amount of damages was a question to be determined by the jury, from the evidence, under proper instructions from the court on the subject. There was abundant evidence to support the verdict rendered, and the court properly instructed the jury on this question; and we cannot disturb it, nor say that the trial court should have set it aside because excessive. Some of the witnesses were shown to have knowledge sufficient to qualify them to testify to the facts necessary to fix the amount of damages. The evidence of these witnesses fixed the actual damages at $1,500, which was in excess of the verdict; and, as it was a case in which the jury may have awarded punitive damages, we cannot disturb it upon the ground that a majority of the witnesses fixed the amount at a sum much less.

Finding no error, the judgment of the trial court must be affirmed.

Affirmed.

SIMPSON, McCLELLAN, and SAYRE, JJ., concur.