13 So.2d 435

## SNEAD v. PHILLIPS.

### 6 Div. 984.

Court of Appeals of Alabama.

May 11, 1943.

J. T. Johnson, of Oneonta, for appellant.

R. G. Kelton, of Oneonta, for the State.

149

BRICKEN, Presiding Judge.

This appeal involves a suit of trespass brought by a tenant against his landlord.

The case went to the jury upon counts 3 and 4, of the complaint.

In count 3, plaintiff claimed of defendant, $250 damages for an alleged trespass upon a described tract of land alleged to be in possession of plaintiff, and for wantonly, willfully and negligently destroying, plowing up and ruining about one-half acre of the growing crop thereon, on or about the 10th day of August, 1940.

Count 4 is practically identical with count 3, except the crop alleged to have been destroyed is described as about one-half acre of cotton. Each of said counts claimed punitive damages.

The case was tried before a jury who returned a verdict for plaintiff and assessing his damages at $50. Judgment was pronounced and entered accordingly.

The defendant filed a motion for a new trial and excepted to the action of the court in overruling same. This appeal is from the said judgment, and also from the judgment of the court overruling and denying motion for a new trial.

It is unnecessary to discuss the testimony in this case. As stated, counts 3 and 4 of the complaint each claim for a wanton, willful and malicious destruction of about one-half acre of cotton growing upon the land rented by plaintiff from defendant during the year 1940. Whether or not said cotton was cut down and destroyed by defendant with the consent of plaintiff was an issue in the case. The testimony for the plaintiff tended to show that said destruction of the cotton was without his consent and against his will. That for the defendant tended to show that plaintiff had consented for the defendant to cut down the cotton if he saw fit to do so because of a notice that defendant had received from the Cotton Office of Blount County, an agency of the United States Department of Agriculture.

The plaintiff having alleged in each of said counts that the destruction of the cotton was wanton, willful and malicious, the burden rested upon plaintiff to prove these allegations.

The trial court in its oral charge instructed the jury as to the meaning of the words "wantonly, maliciously and willfully." With respect to the term "maliciously," the trial court instructed the jury as follows:

"Malicious means with ill will or bad feeling or anger." This was the only instruction with reference to the term maliciously, as used in the complaint, that the trial court gave to the jury.

Upon the conclusion of the court's general oral charge to the jury the plaintiff requested the court to give the following written charge: "I charge you that malice in law does not necessarily mean ill-will but if a person wilfully and knowingly commits an act that injures another then legal malice is then implied and it is not necessary to prove actual ill will."

The trial court gave the above written charge and with respect thereto instructed the jury as follows: "Gentlemen of the Jury, at the request of the Plaintiff I give you the following written charge requested in writing by the Plaintiff which is not in conflict with the Court's oral charge but which, when taken in connection with the oral charge, constitute the law of the case."

In his motion for a new trial defendant alleged that the trial court committed reversible error in giving at the request of plaintiff the above quoted charge.

Appellant in his 40th assignment of error assigns the giving of said charge as reversible error. In our opinion this insistence must be sustained. In the case of Southern R. Co. v. McEntire, 169 Ala. 42, 53 So. 158, 159, the Supreme Court declared there was no error in the following charge: "The word 'malice', so far as it is involved in this case, does not necessarily mean ill will or hatred; but in contemplation of law, if a wrongful act is committed against the property of another intentionally and purposely, and in known violation of the owner's rights, and without lawful excuse, this would authorize you to find that it was done maliciously."

In the case of Hicks et al. v. Swift Creek Mill Co., 133 Ala. 411, 31 So. 947, 951, 57 L.R.A. 720, 91 Am.St.Rep. 38, the court said: " 'Whatever is done,' says Shaw, J., in Wills v. Noyes, 12 Pick. [Mass.] 324, 'willfully and purposely, if it be at the same time wrong and unlawful, and known to the party, is, in legal contemplation, malicious.' Lynd v. Picket, [7 Minn. 184, 7 Gil. 128] 82 Am.Dec. 79, [89]."

In Woodson v. Bailey, 210 Ala. 568, 98 So. 809, 811, it is declared: "Malice in law is frequently defined to be the intentional doing of a wrongful act to the injury of another."

All the authorities declare that the act must be wrongful; some of them use the word "unlawful."

The charge in question entirely ignores the wrongfulness of the act complained of. That the charge in its language and in its tendencies was injurious to defendant we entertain no doubt. It follows, therefore, that the judgment of the trial court should be, and the same is hereby reversed and this cause remanded.

Reversed and remanded.