# Forst *v.* Leonard, *et al.*

*Action to recover the Penalty on a Builder's Bond.*

1.   *Cumulative evidence; error without injury.*—The exclusion of proposed testimony, although erroneous, is error without injury, when the party offering such testimony has proved by other witnesses the facts sought to be testified to, and such facts are uncontroverted by evidence in favor of the other party to the suit.

2.   *Action upon a builder's bond; admissibility of evidence.*—In an action to recover the penalty on a bond given by contractors to secure the construction of a building, according to their contract, where the sureties, by a special plea, set up as a defense that changes were made in the building contract, without their knowledge or consent, and upon this plea the plaintiff takes issue, the testimony of the sureties as witnesses, that certain specified changes were made, and that they were never asked about them and never knew or consented to such changes in the building, is admissible; such evidence tending to support the plea interposed.

3.   *Same; when plaintiffs not entitled to general affirmative charge.* In an action for the breach of a builder's contract, where, under issues properly presented by the pleadings, it has been shown that the plaintiffs had been forced to pay to and for the contractors for material and labor in building the house, more than the contract price agreed upon, and the evidence for the defendants tended to show that the contractors had fully complied with the contract as to building the house, except as prevented therein by the interference of the plaintiffs, or in respect of provisions therein waived by the plaintiffs, the gen-

[Forst v. Leonard, *et al.*]

eral affirmative charge requested by the plaintiffs is properly refused ; since, upon the evidence adduced the jury would have a right to conclude that all the damages claimed in the suit were referable to the actions of the plaintiffs for which the obligors on the bond were not responsible.

4. *Execution of builder's bond; when it becomes effective.*—A bond conditioned for the faithful performance of a contract for the erection of a building, being signed with reference to such contract, becomes effective from the time of its delivery, when, as matter of law, it is executed, and not from the time of its signing; and the efficacy of such bond is not affected by the fact that it was signed before the contract was reduced to writing, if it was not delivered until the time of the execution of said contract.

5. *Action upon a builder's bond; sufficiency of evidence.*—In an ·action for the breach of a bond, which is conditioned for the faithful performance of a building contract, the averment in the complaint that at the time of the execution and delivery of the bond sued on, the contractors jointly entered into and executed with the plaintiffs a certain contract in writing for the building of a house, is supported by proof of the fact that the bond was signed with reference to the contract prior to the reduction of the contract to writing and the signing thereof, but was kept in possession of the contractors and was not delivered to the plaintiffs until the execution of said contract, when both instruments were delivered together. ·

6. *Charges to the jury ; explanatory charges should be asked if misleading charges are given.*—The giving of a charge containing a correct proposition of law, though it may be misleading, as applied to the facts of the case, is not reversible error, since, if the opposite party supposed the charge to have been misleading, he should have asked. an explanatory charge.·

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. J. J. BANKS.

This action was brought by the appellants, M. Forst, and her husband, A. Forst, against H. N. Leonard, S. J. Alfred, William B. Gere, John A. Hall, E. D. Phillips and E. M. Robinson ; and sought to recover of the defendants a certain designated sum of money, for the breach of the conditions of a bond, which was executed by the defendants to secure the faithful performance by the defendants, H. N. Leonard and S. J. Alfred of a building contract, in which they agreed to erect a certain building for the plaintiffs.

The complaint claimed of the defendants the sum of one thousand dollars, for the breach of the condition of a bond, which was executed by the defendants on September 10, 1891, and payable to the plaintiffs in the

penal sum of one thousand dollars. This bond was set out at length in the complaint, the condition of which is copied in the opinion. It was executed by H. N. Leonard and S. J. Alfred as principals, and the other defendants as sureties. The plaintiff then averred in the complaint that "at the time of the execution and delivery of the said bond, the said H. N. Leonard and S. J. Alfred, jointly entered into and executed with the plaintiffs a certain contract in writing for the building of a certain one-story frame dwelling house in the city of Bessemer, according to certain plans and specifications, which were referred to in and made a part of the said contract, and that the said bond set out above is the bond which the said H. N. Leonard and S. J. Alfred obligated themselves to execute in and by the terms of said contract, and which said contract is in words and figures as follows:" Then follows the building contract entered into by Matilda Forst and her husband, A. Forst, with Leonard and Alfred. This contract was signed "Leonard & Alfred," and by M. Forst and A. Forst. Then after setting out this contract at length, the plaintiffs further averred in the complaint, "that the said contract above set out was the only contract made by and between plaintiffs and the said Leonard & Alfred, and is the contract referred to by the makers of said bond, and that said contract was executed and delivered at one and same time with the said bond, and which was understood by them to be referred to at the time of the execution of the said bond." The complaint then sets out the condition of the bond, and avers the several breaches complained of, as follows: "1. That said house was not completed in ninety days from the date of the contract as agreed by the defendants. 2. That the defendants, H. N. Leonard and S. J. Alfred, failed to furnish to plaintiffs lists and statements of material and labor furnished for said building according to the stipulations contained in said contract. 3. That the said H. N. Leonard and S. J. Alfred failed and refused to furnish all the material and labor necessary for the completion of the said house according to the contract. 4. That said H. N. Leonard and S. J. Alfred failed to complete the said house according to the said contract, and plans, specifications, elevations, sections, details and drawings, made for the same by J. L.

[Forst v. Leonard, *et al.*]

Hilliker, architect and superintendent." The complaint then concludes as follows : "And plaintiffs aver. that from the failure of the said H. N. Leonard and S. J. Alfred to carry out their contract and build the said house as agreed in said contract, and within the time agreed upon in said contract, plaintiffs were put to a great expense in buying material and hiring labor to complete said house, and that plaintiffs had to pay bills of material and for labor that were contracted by the said Leonard and Alfred, which ought to have been paid by the said Leonard and Alfred according to the terms of said contract, and plaintiffs had to expend other sums of money in order to complete said house that they would not have had to pay had the said Leonard and Alfred finished the said house according to the conditions of said contract and bond. And plaintiffs allege that they were deprived of the use of the said house from the 9th of December, 1891, at which time said house was to have been completed and turned over to plaintiffs by said Leonard and Alfred, until the 1st day of February, 1892 ; all of which resulted in damage to plaintiffs in the sum of one thousand dollars, hence this suit."

The defendant pleaded among others, the following pleas : "1st. The defendants for answer to the complaint and to each one of the breaches therein set out, says that the said defendants, H. N. Leonard and S. J. Alfred did from time to time, and at all times after the making of said bond sued on in this case and the said conditions thereof, well and truly observe, perform, fulfill and keep all and singular the articles, clauses, conditions and agreements in said conditions of said bond specified and mentioned in all things therein contained on their part and behalf to be performed, fulfilled and kept according to the tenor and effect thereof. 2d. And for further answer to the first breach set out in said complaint, defendants say, that said house was not completed in ninety days, because the architect and superintendent employed by the plaintiff to supervise, direct and superintend the erection of said building improperly interfered with and hindered and delayed said contractors in their work on said building, and thereby prevented said contractors from completing said building within said ninety days. 3d. For further answer to the second breach set out in said complaint defendants say,

that defendants Leonard and Alfred did furnish the plaintiffs lists and statements of material and labor furnished for said building, according to the stipulations in said contract as far as required by the plaintiff, until plaintiffs interfered in the management of the erection of said building, and this prevented said contractors by their architect and superintendent from completing it, after which no lists or statements were demanded of said contractors by plaintiffs or their agents. 4th. For further answer to the third breach set out in said complaint, defendants say, that the said contractors furnished all the material and labor for said building they were required to do by their contract and said specifications as long as plaintiffs permitted them to do so, and were prevented by the interference of plaintiffs or said architect, their agent, without fault on the part of defendants and without cause. 5th. For further answer to the fourth breach set forth in said complaint, defendants say that they, said contractors, completed said job according to their contract and the plans, specifications, &c., except where said contract, plans, specifications, &c., were changed and altered by the plaintiffs or by their architect and superintendent while the said building was being erected."

The evidence for the plaintiffs tended to show that there was a breach of the bond by reason of Leonard & Alfred failing to complete the building according to their contract and the specifications, and that it was necessary for the plaintiffs to have the building completed by others at a great expense to them.

After the architect, Hilliker, had testified that the plaintiffs had paid Leonard & Alfred certain sums upon their contract, as was shown by the estimates attached to the deposition of said Hilliker, upon the examination of Louis Forst, who was the agent of M. Forst, he was shown these estimates, and was asked to examine them and see if they were the original estimates paid by him to Leonard & Alfred. The defendants objected to the witness examining and testifying to such estimates, because he did not show that he knew them to be correct. The court sustained this objection, and to this ruling the plaintiffs duly excepted. The other facts of the case necessary to an understanding of the decision on the present appeal, are sufficiently stated in the opinion.

[Forst v. Leonard, et al.]

The plaintiffs requested the court to give to the jury the following written charges, which the court refused to give : (1.) "The court charges the jury that if they believe the evidence, they will find for the plaintiffs." (6.) "The court charges the jury that if the contract sued on in this complaint was in existence at the time the bond was signed, whether it was in writing or not, and signed by Leonard and Alfred, the contract and bond are to be construed together, and the sureties on the said bond are responsible with the principals." The plaintiffs separately excepted to the court's refusal to give each of these charges, and also separately excepted to the court giving at the request of the defendant, the following written charge : (3.) "The court further instructs the jury that before they can find for the plaintiffs against the defendants, who are sureties on said bond, the plaintiff must show to the jury by a preponderance of evidence, that the contract mentioned in the bond was executed before or at the time of the execution and delivery of the bond."

There were verdict and judgment for the defendants. The plaintiffs appeal, and assign as error the several rulings of the trial court to which exceptions were reserved.

JAMES E. WEBB and B. C. JONES, for appellant.

O. W. WARD and JAMES TROTTER, contra.—1. The refusal of the court to allow the proposed testimony of Forst in reference to the estimate attached to the deposition of Hilliker, if erroneous at all, was error without injury.—Ullman v. Myrick, 93 Ala. 532 ; Dowling v. Blackman, 70 Ala. 303 ; Taylor v. Bush, 75 Ala. 432 ; Eastis v. Montgomery, 95 Ala. 486.

2. The general charge requested by the plaintiff was properly refused.—Hall v. Posey, 79 Ala. 84 ; Sanders v. Edmonds, 98 Ala. 157 ; East Tenn., V. & G. R. Co. v. Turvaville, 97 Ala. 122 ; Cen. R. R. & B. Co. v. Roquemore, 96 Ala. 236.

3. The averment in the complaint as to the execution of the bond at the time of the execution of the contract was not supported by the evidence. The 6th charge requested by the plaintiffs was properly refused. The statements therein that the sureties thereon are respon-

[Forst. v. Leonard, *et al.*]

sible with the principal upon the facts hypothecated was not correct. The sureties have a right to stand on the very letter of their contract. They are the favorites of the law and their contract can not be added to, varied or contradicted.—*Anderson v. Bellenger*, 87 Ala. 336 ; *Vann v. Lunsford*, 91 Ala. 576 ; *Crescent Brewing Co. v. Hanley*, 90 Ala. 486 ; Brandt on Suretyship, § 122 ; *Pickard v. Shantz*, (Miss.) 12 So. Rep. 544 ; Lloyd on Building and Buildings, 105 ; *Evans v. Graden*, 28 So. W. Rep. 539 ; *Simpson v. Grant*, 36 Minn. 439 ; *Steam Nav. Co. v. Roll*, 6 C. B. (N. S.) 550 ; 24 Amer. & Eng. Encyc. of Law, 838.

McCLELLAN, J.—If it was error to exclude the proposed testimony of Forst, to the effect that the estimates attached to the deposition of Hilliker were the original estimates paid by the witness to Leonard and Alfred, no injury resulted therefrom to the plaintiff. That these were the original estimates had been shown by the evidence of Hilliker, who made them, as also by this witness himself in effect, and that the plaintiffs had paid the amounts shown by them had been deposed to by both these witnesses, and not controverted by the defendants.—*Ullman v. Myrick, et al.*, 93 Ala. 532.

The second plea of the sureties alleged in substance that changes from the building contract which they bound themselves that the principals would faithfully perform were made without their knowledge or consent. The testimony of Gere, it having been shown that changes were made, that he was never asked about any changes to be made in the building, and of Hall—both sureties—that he never knew, nor was asked to consent to changes in the building, tended to support this plea, upon which the plaintiff took issue. There was, therefore, no error in receiving this testimony.

The general charge was requested by the plaintiffs on the theory that the fact that they had been forced to pay to and for Leonard and Alfred for materials and labor in building and completing the house more than the contract price agreed upon, entitled them to an affirmative instruction. This theory is unsound. If the evidence shows, on the one hand, that the contractors complied with the stipulations of the contract in respect of materials used, labor supplied, the character of work-

manship and the time of completion, *except in so far as compliance was prevented or waived by the plaintiffs*, and on the other, merely that the plaintiffs had made payments in excess of the contract price for building the house, it would not follow necessarily that plaintiffs could recover *on the bond* for such excess of costs, for *non constat* but that it resulted by reason of plaintiffs' unwarranted interference with the contractors or waiver of the contract stipulations. The testimony of Leonard and Alfred tended to show that they fully complied with the contract as to building the house except as prevented by plaintiffs, or in respect of provisions therein waived by plaintiffs; and on their testimony the jury might have concluded that all the damages laid in the action were referable to acts of the plaintiffs for which the obligors on the bond were not responsible. Hence our conclusion that the general charge was properly refused to the plaintiffs.

The complaint avers that "at the time of the execution and delivery of the bond sued on, the said Leonard and Alfred jointly entered into and executed with the plaintiffs a certain contract in writing for the building of a certain house," &c., &c. There was apparently much insistence on the trial below that the burden was on plaintiffs under the foregoing averment to prove that the bond and contract were simultaneously *signed*. The bond recites that whereas Leonard and Alfred "have contracted with Mrs. M. Forst and her husband, A. Forst," for the building of a one-story frame house, &c., &c.; and upon this much appears to have been said in the court below and is said here to the effect that the bond could only be held to secure a contract existing in its final form—that is, as applied here, written out and executed, when the bond was *signed*, and evidence was adduced to show that the contract between plaintiffs and Leonard and Alfred had not been reduced to writing when the obligors set their names to the bond. It was made clearly to appear, on the other hand, that the bond was signed with reference to Leonard and Alfred's undertaking to build a certain house for Mrs. Forst, that they secured the signatures beside their own to it, and kept the paper in their possession until the signing and delivery of the written contract, and thereupon delivered the bond to the obligors therein. Now it is too

[Bloch & Co. v. Edwards.]

obvious for discussion that this bond was *executed* when it was delivered at the time of the execution of the contract, and that the mere signing of it was not its *execution* as matter of law nor within the averments of the complaint. It is equally clear that the bond, having been signed with reference to a building contract between the Forsts and Leonard and Alfred, and left in the hands of the latter for delivery to the obligees, speaks from the time of delivery, from its *execution*, and not from its *signing*; and that its efficacy is not at all impeached by the fact that it was signed before the contract was reduced to writing. Charge 6 requested by the plaintiffs very correctly states the law in this connection as applied to the evidence in the case, and in view of the position taken by defendants on the trial with reference to this point, there was apparently much necessity for the jury to be thus instructed. The refusal of the charge was error, and we cannot, by any means, see that plaintiffs were not prejudiced thereby.

If charge 3 given for defendants was supposed to be misleading when applied to the facts of the case, plaintiffs should have asked an explanatory charge.

Reversed and remanded.