Middleton, J.
The Court of Appeals held:
“There is error manifest upon the face of the record to the prejudice of the appellant [plaintiff], in this, to wit:
“In the charge of the court to the jury, on the subject of sole negligence of a third person, not a party to the litigation.”
It is necessary to analyze the charge of the trial court. After instructing the jury as to the meaning and significance of preponderance of the evidence and the meaning of the terms, negligence and ordinary care, the court said:
“And proximate cause is the direct cause or the cause without which this collision would not have occurred. ’ ’
The jury was instructed that violation by the defendant of the ordinances pleaded in the petition would amount to negligence. The court then said :
“Likewise there was a law of the state of Ohio in force, commonly known as the assured clear distance. That is, one must so control and operate his automobile that he may bring the automobile to a stop within *4 the assured clear distance ahead; that is, any discernible object being in his path, he must so control and operate the automobile so that it can be brought to a stop within the assured clear distance.
‘‘ That law was in full force and effect, and I say to you that the driver of the car in which plaintiff was riding violated that law and was guilty of negligence. However, in the state of Ohio we do not have the doctrine of imputed negligence. So that any negligence, the negligence upon the part of the driver of the car in which she was riding would not be imputed to her— and his negligence would not be imputed to her. She was riding as a passenger in the car. I said to you a moment ago that the driver of the car in which she was riding was guilty of negligence, and if you find by a preponderance of the evidence that that negligence was the sole cause of this collision, this plaintiff cannot recover in this action. If, however, on the other hand, she has proven to you by a preponderance of the evidence that the defendant was guilty of negligence, and that that negligence upon the part of the defendant either directly and proximately caused the collision, or directly and proximately contributed to cause the collision, then she is entitled to recover in this action.”
It is urged by the defendant that the holding of the Court of Appeals, that the reference in the charge of the trial court to the negligence of the driver of the automobile in which the plaintiff was a passenger injected a “foreign issue” based upon the conduct of one not a party, constituted error prejudicial to the defendant.
Briefly stated, the question proposed to this court is whether under a general denial the defendant may present evidence that the damage suffered by the plaintiff was not caused by any act of the defendant but re- *5 suited from the independent wrongful act of a third person not a party to the action.
At the outset it may be stated that this court is in full accord with the conclusion of the trial judge that the evidence established violation by Miller, driver of the automobile, of the assured-clear-distance-ahead provision of the Ohio statutes and that such violation constituted negligence upon his part. The charge, however, clearly stated that such negligence of the driver of the automobile was not imputed to the plaintiff who was a guest passenger therein. The charge also clearly stated that the plaintiff would be entitled to recover against the defendant if the defendant was guilty of negligence which directly and proximately caused or contributed to the collision. This, we believe, fairly left to the jury the decision as to the cause of the collision. Under this charge the jury could not render a verdict for the defendant if it found the defendant guilty of negligence which either proximately caused or contributed to the collision. On the other hand, the jury was free, and we believe it should have been, to find that the sole cause of the collision was something other than any act of the defendant, to wit, the negligent act of the third person, who in this case was the driver of the automobile in which the plaintiff was riding.
It has long been well established as general law that under a general denial the defendant in an action for injuries to person or property may prove that the asserted injury was caused by the negligence of a third person not the agent of the defendant and for whom the defendant was not responsible. To this effect we direct attention to the following:
“The defendant, under a general denial, is entitled to offer any evidence which tends to show that he was not guilty of negligence. For example, under such denial he may rely upon unavoidable accident, or negli *6 gence of a third person. ’ ’ 2 Bancroft’s Code Pleading, Practice & Remedies (Ten-Year Supp.), 966, Section 2046.
“In actions for injuries to person or property alleged to have resulted from the defendant’s negligence, he may prove under a general denial that the wrong was causd by the negligence of third persons not agents of the defendant, and for whom he was not responsible.” Pomeroy’s Code Remedies (5 Ed.), 902, Section 551.
“Defendant may also show under the general issue that the injury was caused by the negligence of a third person for whom he was not responsible.” 45 Corpus Juris, 1141, Section 730.
In support of the above statement cases are cited from 11 states. The same statement of the rule appears in 65 Corpus Juris Secundum, 948, Section 201, b, where additional and more recent cases are cited.
“Under a general denial, defendant, though he can not prove new matter, such as payment, release, accord, arbitrament, etc., which do not deny but avoid, yet may prove anything tending to show the complaint untrue. * * *
“A general denial is sufficient to sustain evidence that the injury was caused by the negligence of third persons, not agents of the defendant, for this disproves the allegations of negligence of the defendant, as that it was by an independent contractor or a lessee.” 3 Bates’ New Pleading Practice, Parties & Forms, 2299 and 2300.
Many cases can be cited illustrating application of the rules above stated, among them the following:
Bragg v. Metropolitan St. Ry. Co. (1905), 192 Mo., 331, 352, 91 S. W., 527, 533, where a passenger on a streetcar sued the street railway company for injuries sustained when the streetcar collided with a train at a railroad crossing. The court there said:
*7 “ * * * under a general denial any fact which goes to show the facts, constituting the cause of action set forth in the petition, are not true, may be proved.”
Sais v. City Electric Co. (1920), 26 N. M., 66, 188 P., 1110, the first paragraph of the syllabus of which reads:
“In actions for personal injuries alleged to have resulted from defendant’s negligence, the defendant may prove, under his general denial, that the wrong was caused by the negligence of third persons. ’ ’
The holding in the above case was approved in Miranda v. Halama-Enderstein Co. (1933), 37 N. M., 87, 18 P. (2d), 1019.
Caudle v. Birmingham, Electric Co. (1945), 247 Ala., 34, 22 So. (2d), 417, paragraph five of the syllabus thereof reading:
“A defendant may show, under the general issue, that injury was caused by negligence of a third person for whom he was not responsible.”
Chesapeake & Ohio Ry. Co. v. Carmichael (1944), 298 Ky., 769, 184 S. W. (2d), 91, in which paragraph four of the syllabus reads:
“A defendant may deny negligence generally and prove anything relevant to show that damage was not caused by him, but by a third person or his instrumentality.”
Thoren v. Myers (1949), 151 Neb., 453, 37 N. W. (2d), 725, paragraph two of the syllabus of which reads:
“The defendant, in a personal injury action, may show under a general denial that the injury was caused by the negligence of a third person for whose negligence defendant is not responsible.”
Although this court has not been called upon to decide the specific question here raised, previous decisions of this court are in complete harmony with the *8 theory of pleading and practice applied in the above-cited authorities.
In 1864 this court decided the case of Hoffman v. W. Y. M. Gordon & Bro., 15 Ohio St., 211, the second paragraph of the syllabus of which reads:
“An answer denying that the defendant committed such act, and alleging that it was committed by a third person, is merely a denial, and requires no reply.”
In Montanari v. Haworth, 108 Ohio St., 8, 140 N. E., 319, the facts involved were quite similar to those involved in the instant case. There the plaintiff was riding as a guest in an automobile driven by one Denny which automobile collided with the automobile driven by the defendant. The action was brought by the guest passenger against the driver of the other automobile. The defendant by answer denied the allegations of the petition and further stated that the collision was caused wholly by the negligence of Denny who operated the automobile in which the plaintiff was riding. In that case the point at issue was whether under the answer the burden of proof was upon the defendant to show that the collision was caused by the negligence of Denny. The court held that the answer was not an admission of negligence on the part of the defendant and was not in the nature of a confession and avoidance, and that the averment that the injury was caused not by the defendant but by a third party did not constitute an affirmative defense. Although that decision does not discuss the precise question now being considered, it inherently recognizes the propriety of stating as a defense that the wrong alleged was not committed by the defendant but by a third person not a party to the action.
In Taylor v. City of Cincinnati, 143 Ohio St., 426, 55 N. E. (2d), 724, 155 A. L. R., 44, the plaintiff was a passenger in an automobile which collided with a tree *9 which plaintiff alleged constituted a nuisance for which the defendant was responsible. The defendant claimed that the plaintiff’s injury was due to the sole negligence of the driver of the car in which plaintiff was riding and that those circumstances called for the application of the two-issue rule. This court held that the application of that rule was not called for, but the significance of the decision in this connection lies in the fact that the propriety of asserting as a defense that the injury was caused by the negligence of a third person was not questioned and the court held, as stated in the first paragraph of the syllabus, that “a claim by a defendant that plaintiff’s injuries were proximately caused solely by the negligent acts of a third person is but another form of a general denial.”
In the instant case the general denial of the answer in effect states that the defendant did not by any negligent act cause the collision and resulting injuries. To establish such absence of responsibility for the accident, the defendant under such general denial was entitled to show that the accident resulted solely from some other cause not involving any conduct of the defendant. The result is not to involve a consideration of contributory negligence or confession and avoidance. The defendant is thus merely permitted to establish, if he can, an efficient independent cause. That cause could be the negligence of a third person not a party to the action. The trial judge did not submit to the jury the question whether the third person was guilty of negligence but charged, justifiably, that the third person was, as a matter of law, guilty of negligence and that if the negligence of the third person so established was found by the jury to have been the sole cause of the collision, the defendant could not be held liable. The charge of the trial court we believe was free of error.
*10 The judgment of the Court of Appeals is, therefore, reversed and the judgment of the Court of Common Pleas is affirmed.

Judgment reversed.

Weygandt, C. J., Zimmerman, Stewart, Tart, Matthias and Hart, JJ., concur.