372 So.2d 1156 (1979)
Darthy Ann CLEMENT, Appellant,
v.
ROUSSELLE CORPORATION, Formerly Service Machine Company, Inc., a Foreign Corporation, Appellee.
No. GG-480.
District Court of Appeal of Florida, First District.
July 10, 1979.
Rehearing Denied August 2, 1979.
*1157 Steven H. Gary, of Green, Simmons, Green & Hightower, Ocala, for appellant.
Marion R. Shepard, of Mathews, Osborne, Ehrlich, McNatt, Gobelman & Cobb, Jacksonville, for appellee.
BOOTH, Judge.
This cause is before us on appeal from a judgment entered on a jury verdict in favor of defendant in a suit for negligence, breach of warranty and strict liability in the manufacture of a punch press machine. Plaintiff below, appellant herein, injured her hand in an accident in August of 1973 while operating the punch press manufactured by defendant in 1962. The machine was owned and maintained by plaintiff's employer, Spicer Industries, a non-party.
Plaintiff proved that the machine was sold by defendant without a guard device, and sought to prove that this constituted a breach of duty on the part of defendant and a cause of the accident. There were no eyewitnesses to the accident and plaintiff herself could not say what actually happened to cause her hand to come under the moving part of the press.
Defendant presented evidence that the employer had the duty to outfit the machine with a guard device suitable to the use of the machine in the employer's shop. Defendant further introduced evidence that industry standards and regulations adopted after the sale but prior to the accident placed the duty on the employer, rather than the manufacturer, to outfit the machine with a guard device.
On appeal, plaintiff contends that the trial court erred in allowing defense counsel to argue that the contributory negligence of Spicer Industries was the cause of the injury, and in failing to instruct the jury to disregard defense counsel's closing argument regarding the contributory negligence of Spicer Industries.[1] Plaintiff also contends that the trial court erred in allowing into evidence the American National Standards Institute Standards (ANSIS) and Occupational Safety and Health Law Regulations (OSHA) standards promulgated in 1971, after defendant sold the drill press, but prior to the accident.
After careful consideration of the arguments and briefs of counsel and review of the record in the cause, we conclude that the judgment below be affirmed. The jury was entitled to find on the evidence presented that defendant's negligence, if any, in failing to attach a point of operation guard to the drill press it sold in 1962 was not the proximate cause of plaintiff's injury in 1973. The trial court correctly allowed defendant's argument to the jury as to the negligence of Spicer Industries, and introduction *1158 into evidence of the 1971 industry standards and government regulations.
Plaintiff contends that because defendant's answer failed to allege as an affirmative defense the negligence of Spicer Industries, no evidence or argument on that point was proper. This contention confuses contributory negligence, which is an affirmative defense to be specially pleaded, with proximate cause, a requirement of plaintiff's cause of action put at issue by a general denial.[2] A defendant who has answered with a general denial, is entitled to prove, and to argue to the jury, that the accident was due solely to the negligence of a person not party to the suit. Crews v. Warren, 157 So.2d 553 (Fla. 1st D.C.A. 1963); Green v. Kersey, 189 So.2d 236 (Fla. 2nd D.C.A. 1966); Isaacs v. Powell, 267 So.2d 864 (Fla. 2nd D.C.A. 1962); Alves v. Adler Built Industries, Inc., 366 So.2d 802 (Fla. 3d D.C.A. 1979). The rule is not changed by the fact that the third party is, as here, immune from suit by the plaintiff. In the Isaacs and Alves cases supra, the non-party, whose negligence was held properly considered as the proximate cause of the injury, was a parent of the plaintiff and immune from suit. Immunity from suit does not prevent the defendant, an outsider to the immune relationship, from proving that the negligence of the immune non-party was the sole cause of the accident.[3]
Appellant contends, however, that the Workmen's Compensation Act is violated if the employer, who is immune from suit in tort by his employee, can be considered by the jury as the entity whose negligence was the sole proximate cause of the injury. In support of this contention, appellant relies on authorities which hold either (1) the jury cannot be informed that plaintiff in the tort action has workmen's compensation benefits[4] or (2) that the contributory *1159 negligence of plaintiff's employer may not be imputed to plaintiff in the tort action so as to reduce the damages recovered.[5] Here the court granted plaintiff's motion in limine, without objection by defendant; that defense witnesses be instructed to make no express or implied reference to workmen's compensation. That ruling was complied with. No mention was made of workmen's compensation, nor did the defendant here plead, seek to prove, or argue, that the employer's contributory negligence should be imputed to plaintiff so as to reduce damages.
In Santiago v. Package Machinery Company, 123 Ill. App.2d 305, 260 N.E.2d 89 (1970), the court considered and rejected a contention similar to that of plaintiff herein. The Santiago case was an action in negligence and strict liability against the manufacturer of a plastic injection molding machine for injuries received by the plaintiff while operating the machine on the job. The jury verdict returned for defendant was affirmed on appeal, the court holding (260 N.E.2d at 92, 93):
"Plaintiff contends that the trial court erred in admitting evidence which in her words `allowed the defendant to interject the negligence of the plaintiff's employer as a defense.' ... Defendant, on the other hand, contends that it is always permissible to admit evidence offered for the purpose of proving that the conduct of another was the sole proximate cause of the injury.
* * * * * *
The instant case was tried on two counts  one charging negligence and the other charging strict liability in tort. If the plaintiff is to prevail, she must prove that her injuries were proximately caused by defendant's negligence ... or by a condition of the product which was unreasonably dangerous and in existence at the time it left the defendant's control ... Manifestly then the defendant could avoid all liability by proving that the sole proximate cause of the injury was the conduct of another. We find no error in the admission of evidence supporting this contention." (emphasis theirs)
In Gates & Sons, Inc. v. Brock, 199 So.2d 291 (Fla. 1st D.C.A. 1967), this court affirmed a verdict for plaintiff in a suit against the manufacturer of a snap-tie device which broke causing the plaintiff's scaffold to fall. This Court ruled that hospital bills reflecting payment of workmen's compensation were probably excluded because receipt of workmen's compensation benefits was not material. On close reading, however, the opinion indicates that the negligence of the employer, as a sole proximate cause of the accident, was a factor considered by the jury. The opinion points out that plaintiff's employer did not give a specific warning to its employees to refrain from attaching scaffold brackets to snapties they knew to be bent, and notes the testimony of a metalurgical engineer that the broken snap-tie had no inherent defect in the metal but broke because of a 42.5 degree bend. This evidence went to the employer's negligence, in allowing use of bent snap-ties, as proximate cause of the *1160 accident.[6] This court held a jury question was presented on the question of proximate cause, stating:
"Next, the question of proximate cause is raised. Rather than delve into all the testimony of the witnesses, we think it sufficient to say that the testimony presented on product design and use was of such nature as to generate a jury question on the issue of proximate cause and the jury was properly instructed in this regard ..." (e.s.)
A jury question on proximate cause was also presented in the instant case. Plaintiff's own testimony supports the jury verdict based either on the employer's negligence or a combination of the negligence of the employer and the plaintiff. The jury verdict can also be supported by evidence tending to establish that there was no breach of duty on the part of the manufacturer.
Plaintiff also contends that the trial court erred in allowing into evidence ANSI and OSHA Standards, which were promulgated after the manufacture and sale of the drill press in question here, but prior to the accident. These standards were admissible for several reasons. First, to refute plaintiff's claim of a continuing duty on the part of the manufacturer to track down and locate the owner of a drill press sold eleven years previous so as to warn of the danger of operating the machine without a point of operation guard. Several years prior to this accident, the ANSI and OSHA standards expressly placed the duty of equipping drill presses with point of operation guards on the employer.[7] Thus, whatever may have been the duty of the manufacturer in 1962 under a standard which did not specify who had the duty to place the guard on the machine,[8] the intervening standards placed that duty on shop owners. Plaintiff's expert testified that OSHA requires owners of older punch presses to bring them into compliance with the 1971 standards.[9]
Second, the 1971 ANSI and OSHA standards were properly used in cross examination of plaintiff's expert, James J. McCarthy, a safety specialist. This witness stated, as one of his credentials, the development of a training program for federal officers charged with enforcement of OSHA standards. He also stated that he acted as a consultant to OSHA. However, despite his employment by that agency, he disagreed with the agency standards promulgated in 1971 which placed the responsibility for providing a point of operation guard on the drill press on the employer rather than the manufacturer. His views on this matter were highly pertinent to show his bias and to test his expertise.[10]
Accordingly, the judgment below is AFFIRMED.
MILLS, C.J., and ERVIN, J., concur.
NOTES
[1] Defendant's argument to the jury, in pertinent part:

"Your job under the best of circumstances is to have the parties before you who are charged to be responsible and you can then decide whether they are responsible. But I question whether that's really being done. If this law suit involves a wrongdoing other than the plaintiff, and I think it probably does, they are not here. And I am talking about Spicer Industries. Who has Mr. Green brought in? Who has the Plaintiff brought in and says these are the people who are responsible for my injury; these are the people I want to ..."
To the extent that defendant's argument to the jury tended to imply that plaintiff could sue Spicer the trial court could have instructed the jury that plaintiff could not sue Spicer. The specific point is not raised here, the issue on appeal going rather, to the alleged error in allowing argument as to the employer's negligence and in refusing to instruct the jury to disregard that argument.
[2] Atlantic Coast Line R. Co. v. Webb, 112 Fla. 449, 150 So. 741 (1933); 65 C.J.S. Negligence § 201(3) at 432, 433:

"The general issue or general denial puts in issue all the material allegations of the complaint, which plaintiff must prove to maintain his cause of action...
* * * * * *
Defendant may ... show under the general issue that the injury was caused by the negligence of a third person for whom he was not responsible, such as by an independent contractor; and this rule applies although other reasons for the accident are set up in the answer or a demurrer was sustained to a former answer setting up the negligence of such other persons."
Caudle v. Birmingham Electric Co., 247 Ala. 34, 39-40, 22 So.2d 417, 421 (1945):
"It is true that there was no issue of contributory negligence in the case, but under the general issue the defendant could show not only that the acts of the motorman [defendant's employee] were not the cause of the collision, but in order to show that the acts of the motorman were not the cause, could show that the acts of the driver of the automobile [a non-party] were the cause." (e.s.)
[3] Isaacs v. Powell, 267 So.2d 864, 867 (Fla. 2nd D.C.A. 1962), suit in strict liability against keeper of wild animals:

"If a jury were to decide in this case, therefore, that the sole efficient cause of Scott's injury was the intentional assumption of the apparent risks on the part of the boy's father and his placing of the boy within reach of the danger, it would be a defense available to appellees. Clearly, though, this defense would be related only to causation and is not dependent upon any theory of imputation of the father's fault to the son, which is now irrelevant in view of the extent of strict liability in these cases and the limited defenses available thereunder." (emphasis theirs)
Alves v. Adler Built Industries, Inc., 366 So.2d 802, 803 (Fla. 3d D.C.A. 1979):
"We affirm because the negligence of the defendants, if any (which we do not rule upon), was not the proximate cause of the accident. The negligence on the part of the parents in failing to properly supervise the two-year-old child, when they were on notice of the propensity of the child to play in and about the sand pile, was the proximate cause of her demise ..."
[4] Tampa Sand and Material Company v. Johnson, 103 So.2d 250 (Fla. 2nd D.C.A. 1958), a new trial granted following jury questions and court's answers as to workmen's compensation; Cook v. Eney, 277 So.2d 848 (Fla. 3d D.C.A. 1973), error to allow questions of plaintiff in medical malpractice suit as to his receipt of social security and workmen's compensation benefits; Gates & Sons, Inc. v. Brock, 199 So.2d 291 (Fla. 1st D.C.A. 1967), no error to disallow copies of hospital bills in evidence showing payment by workmen's compensation carrier; Eichel v. New York Central Railroad Co., 375 U.S. 253, 84 S.Ct. 316, 11 L.Ed.2d 307 (1963), evidence of disability payments received by plaintiff under Railroad Retirement Act were inadmissible in an action against railroad by a former employee; 77 A.L.R.2d 1154: "Prejudicial effect of bringing to the jury's attention fact that plaintiff in personal injury is entitled to workmen's compensation benefits."
[5] 2A Larson, Workmen's Compensation Law, § 75.22:

"[I]t is generally held that the employee cannot be met with a defense that his own employer's negligence contributed to the injury. [Cases cited on negligent employer's right to reimbursement from tort judgment for benefits paid]."
Nyquist v. Batcher, 235 Minn. 491, 51 N.W.2d 566 (1952) unique Minnesota statute allows contributory negligence of employer as a defense under the factual situations defined in subsection (1) but not under subsection (2) of Minn. Stat. Ann. § 176.06.
[6] There was no issue of plaintiff's contributory negligence for the jury.
[7] 1971 ANSI and OSHA Regulations:

"It shall be the responsibility of the employer to provide and insure the usage of either a point of operation guard or a properly applied or adjusted point of operation device on every operation performed on a mechanical power press." (emphasis theirs)
[8] 1960 ANSI Regulations:

"Each press shall be equipped and operated with a point of operation guard or point of operation protection device for every press operation performed except where the point of operation is limited to an opening of 1/4th inch or less."
[9] Record Testimony pp. 389, 392.
[10] See, e.g. Record Testimony 387:

"Q You disagree with that portion of the [OSHA and ANSI] standard that says that the user, the employer, Spicer Industries is obligated by that standard to install point of operation guards and not the manufacturer? A Oh, yes."