[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO STRIKE
Plaintiff, Carol Rosiello, filed this one count negligence action on October 5, 1988, alleging injuries and damages sustained in an automobile accident on October 13, 1986. Plaintiff alleges, inter alia, that defendant Terrance Ladden, Jr. negligently struck plaintiff's vehicle in the rear after plaintiff stopped her vehicle to allow two bicyclists to pass her. Plaintiff also named Terrance CT Page 1512 Ladden, Sr. and Gail Ladden as defendants in this action as owners of the vehicle that allegedly struck her.
On January 17, 1990, defendants filed their answer and special defenses denying the material allegations of plaintiff's complaint. In their first special defense, defendants allege that plaintiff's recovery must be barred or reduced as plaintiff's injuries were caused by her own negligence. In their second special defense, defendants deny any negligence on their part and allege that plaintiff's injuries were caused by the negligence of two nonparties (the bicyclists) rather than the named defendants. Defendants further allege that if a jury determines that they were negligent, they are entitled to an apportionment of responsibility among themselves, the plaintiff and the two nonparty actors, pursuant to Public Act No. 86-338.
In their third special defense, defendants allege that any verdict and award of damages must be reduced by amounts of any, inter alia, collateral source payments.
On April 18, 1990, plaintiff filed a motion to strike, attacking defendants' second and third special defenses. A memorandum of law was filed in support of said motion. Defendants have filed a memorandum of law in opposition.
The legal sufficiency of an answer to any pleading, including a special defense, may be challenged by a motion to strike. Practice Book Section 152; see also Mingachos v. CBS, Inc., 196 Conn. 91, 108
(1985). The motion to strike admits all facts well pleaded, Ferryman v. Groton, 212 Conn. 138, 142 (1989), as well as those necessarily implied from the allegations. Amodio v. Cunningham, 182 Conn. 80, 83
(1980). While the allegations should be construed in a manner most favorable to the pleader, Blancato v. Feldspar Corp., 203 Conn. 34,37 (1987), the motion does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos,196 Conn. at 108.
A motion to strike raising any claim of legal insufficiency must set forth separately each claim of insufficiency of the pleading and specify distinctly the reason or reasons for each claimed insufficiency. Practice Book Section 154. In ruling on the motion to strike, a trial court is limited to considering the grounds specified in the motion. Merideth v. Police Commissioners, 182 Conn. 138,140 (1980); see also Blancato v. Feldspar Corp., supra, 44. With respect to plaintiff's request to strike the second special defense, plaintiff asserts that defendants' second special defense relies upon Public Act No. 86-338, Section 3(c) which provides:
 (c) Unless otherwise provided by law, in a negligence action to recover damages for personal injury or wrongful CT Page 1513 death, accruing on or after the effective date of this Act, if the damages are determined to be proximately caused by the negligence of more than one person, each person against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable economic damages and the recoverable noneconomic damages except as provided in subsection (g) of this section.
Plaintiff offers the following as grounds for her motion to strike defendants' second special defense: (1) the language "each person against whom recovery is allowed" demonstrates that the legislature intended that this section apply only to individuals who are actual parties to the action; (2) the remarks of the proponent of Public Act No. 86-338 contained in the legislative history make it clear that the legislature intended that determinations of negligence which proximately caused plaintiff's injuries are limited to determinations as to persons who are parties to the action; and (3) that the passage of Public Act No. 87-277 (Tort II) eliminated any ambiguity contained in Public Act No. 86-338 3(c) by changing Public Act No. 86-338's use of the word "person" to "party".
Defendants, in opposition, assert that General Statutes Section52-572h(c) (rev'd. 1986) (the codification of Conn. Public Act No. 86-338) expressly limits recovery against a defendant to his/her proportionate share of damages, thereby abolishing the common law rule of joint and several liability. Defendants further assert that the language of Public Act No. 87-227 which specifically provides for consideration of settled or released tortfeasors in the determination of proportionate liability, therefore demonstrates the intent of the legislature under both acts to include consideration of the conduct of nonparties as well as party defendants when a determination as to proportionate liability of a party defendant is made.
In support of her motion, plaintiff relies on remarks made on the House floor by a proponent of Public Act No. 86-338. Those remarks are as follows:
 Through you, Mr. Speaker, I don't know who wants to field this question, this is on Section 3, having to do with joint and several. Rep. Jaekle, I refer you to line 184, beginning at 183, it says the jury must make certain findings and on 183 it says that is attributable to each person whose negligent actions were a proximate cause of the damages.
 Mr. Speaker, through you, I have a question for Rep. Jaekle.
SPEAKER VAN NORSTRAND: CT Page 1514
Please proceed, sir.
REP. WOODCOCK: (14TH)
 Rep. Jaekle, what if an individual was partially responsible for the damages, but is not a party in the case? How is the jury to make a determination as to how the damages should be allocated under those circumstances: Through you, Mr. Speaker.
SPEAKER VAN NORSTRAND:
Rep. Jaekle.
REP. JAEKLE: (122ND)
 Through you, Mr. Speaker, the jury would not make a determination as to any percentage negligence of any party, any person, I have to be careful mixing the legal and the normal terms here, of any person who is not a party to the action because they would not be before them to make that determination. You would find that the determination of negligence which proximately caused injuries would only be as to those persons who were also parties to the action. Defendants, and indeed, the plaintiff's own negligence as well. All the only [sic], the parties to the action. Through you, Mr. Speaker.
SPEAKER VAN NORSTRAND:
Rep. Woodcock:
REP. WOODCOCK: (14TH)
 Through you, Mr. Speaker, so I believe what your answer is, Rep. Jaekle, is that the word person on Line 184 is, as far as legislative intent is concerned, party.
SPEAKER VAN NORSTRAND:
Rep. Jaekle.
REP. JAEKLE: (122ND)
 Through you, Mr. Speaker, yes, and I could support that with several references in section 3 that would assure you of that, John. And you would find similar references that would lead you to that same solid conclusion. In lines 162 and 163, there must actually be a determination of damages proximately caused by the negligence of one or CT Page 1515 more persons. In several references you will find everything will refer to people who are also parmel parties to the action. Through you, Mr. Speaker. 29 H.R. Proc. Pt. 16 (1986) Sess. pp. 5777-5779."
That discussion, as is apparent, was based upon inquiry into the allocation of damages between party and nonparty tortfeasors rather than the issue of whether consideration of nonparty conduct is appropriate in the determination of a party defendant's proportionate liability. The court finds more persuasive the source relied upon by the defendant's, i.e. the Law Revision Commission's report which addresses the precise issue herein:
 Section 3(c) of the Act sweeps away the rule of joint and several liability in all negligence cases claiming personal injury or wrongful death. (The traditional rule of joint and several liability is retained for intentional torts, torts limited to property damage, and other torts not falling within the limitation of "a negligence action to recover damages for personal injuries or wrongful death.") Under the Act, each party is primarily liable only for his proportionate share of the recoverable damages based on his percentage of fault.
 Under section 3(d), the proportionate share is determined by a party's percentage of negligence in relation to the negligence "attributable to all persons whose negligent actions were a proximate cause of the damages." Under this provision, the trier of fact must allocate a percentage of responsibility for the damages among all persons involved in the incident, including persons who are not party to the action. This allocation of fault will determine what portion of the damages found is not the responsibility of the party defendants. The finding, however, is not res judicata with respect to the non-parties. It is possible, therefore, for a claimant to lose in the original action because a non-party is held responsible, and also lose in a subsequent action against the non-party.
The passage of Public Act No. 86-338 by the Connecticut legislature resulted in the abandonment of the doctrine of joint and several liability and the adoption of apportioned liability which limits a person's liability to his proportionate share of recoverable damages. See Gionfriddo v. Gartenhaus Cafe, 15 Conn. App. 392, 397
n. 6 (1988). To date, no Connecticut appellate decisions have addressed the question of whether the negligence of nonparty actors is to be considered in the determination of proportionate liability under Public Act No. 86-338. CT Page 1516
In addressing the question of the permissibility of consideration of nonparty conduct, the following case law is relevant by way of analogy. In an action based on General Statutes Section52-572o, (Products Liability Act), the court in Rau v. Rouselle Corp., 3 CSCR 302 stated:
 General Statutes Section 52-572o is a comparative negligence statute which allows a claimant to recover but which diminishes his award of damages in proportion to his responsibility. . . . Based on the language of the products liability statute regarding comparative negligence and the persuasive authority of Florida law, . . . defendant can claim the employee's negligence. (Employer was non-party.)
Id. at 303 citing Clemente v. Rouselle, 372 So.2d 1156 cert. denied383 So. 2 1191 (1979). The court in Clemente held that immunity from suit does not prevent the defendant from proving that negligence of the immune nonparty was the sole proximate cause of accident. The court in Rau noted that the defense could be stricken on the basis that the matter should be proven under a general denial but because plaintiff failed to assert that ground and because the court was limited to the grounds raised, the motion to strike was denied.
Judge Zampano, in Stefano v. Smith, 705 F. Sup. 733 (D.Conn. 1989) interpreting General Statutes Section 52-572o (b) stated:
 Section 52-572o (b) indicates that percentages of liability are to be apportioned among or between "parties to the action." A defendant who settles, and against whom the complaint is accordingly withdrawn, would no longer be considered a party to the action. Nonetheless, nothing in Section 52-572o prohibits a defendant to a lawsuit from introducing at trial evidence that one who no longer is, or never was, a party to the lawsuit remains responsible in some measure for the harm incurred. Rau v. Rouselle Corp., 14 CLT No. 16 at 26-27 (1988) (Burns, J.). Indeed, where the defendant makes a general denial of its liability, the defendant may introduce evidence that the injury was caused by the fault of a third person for whom the defendant was not responsible. See Gilbert v. Eli Lilly Co., Inc., 56 F.R.D. 116 (D.P.R. 1972); 65A C.J.S. Negligence Section 201(3) 432-33.
 After review of the evidence introduced at trial which indicated a settling defendant's share of liability, the trier would allocate to such settling individual its percentage of fault, an act consistent with Section 52-572o (b). CT Page 1517
Id. at 737.
While both Rau and Stefano address Section 52-572o rather than Section 52-572h (as amended by Public Act No. 86-338), the rationale of these decisions is applicable to the instant matter. Connecticut Public Act No. 86-338 specifically allows for a consideration of conduct of all "persons". Moreover, Public Act 87-229, which amended General Statutes Section 52-572h, specifically provides for consideration of settled or released tortfeasors which lends support to the conclusion that the conduct of nonparties is to be considered in the determination of the party defendant's proportionate fault under the proportionate liability scheme adopted by the Connecticut legislature. The failure to consider the negligence of all tortfeasors including a nonparty tortfeasor would prejudice the named defendants who would thus be required to bear a greater portion of plaintiff's loss than is attributable to their fault. Accord Keeton, Dobbs, Keeton Owen, Prosser and Keeton on the Law of Torts, Section 67 at p. 475 (5th Ed.).
The plaintiff attacks defendants' third special defense on the ground that the purpose of a special defense is to alert plaintiff to matters which the defendants intend to prove at trial as affirmative bases for avoiding or reducing liability. Plaintiff argues that because Section 52-225a provides for a post-verdict deduction and hence is not on issue to be raised at trial, it is not a matter that is properly pled as a special defense.
Defendants, in opposition, argue that the claim for setoff for collateral source payments under General Statutes Section 52-225 is a proper special defense because it involves a determination that is made before judgment concerns the rights of the parties and limits plaintiff's right to recovery. Defendants additionally assert that Practice Book Section 164 requires a claim for setoff to be affirmatively pled.
General Statutes Section 52-225a provides:
 (a) In any civil action, whether in tort or in contract, wherein the claimant seeks to recover damages resulting from (1) personal injury or wrongful death occurring on or after October 1, 1987, . . . and wherein liability is admitted or is determined by the trier of fact and damages are awarded to compensate the claimant, the court shall reduce the amount of such award which represents economic damages, as defined by subdivision (1) of subsection (a) of section 52-572h, by an amount equal to the total of amounts determined to have been paid under subsection (b) of this section less the total of amounts determined to have been paid under subsection (c) of this section, except that there shall be no CT Page 1518 reduction for (1) a collateral source for which a right of subrogation exists and (2) that amount of collateral sources equal to the reduction in the claimant's economic damages attributable to his percentage of negligence pursuant to section 52-572h.
 (b) Upon a finding of liability and an awarding of damages by the trier of fact and before the court enters judgment, the court shall receive evidence from the claimant and other appropriate persons concerning the total amount of collateral sources which have been paid for the benefit of the claimant as of the date the court enters judgment.
 (c) The court shall receive evidence from the claimant and any other appropriate person concerning any amount which was paid, contributed, or forfeited, as of the date the court enters judgment, by, or on behalf of the claimant or members of his immediate family to secure his right to any collateral source benefit which he has received as a result of such injury or death.
"The purpose of pleadings is to limit the issues to be decided at the trial of a case and is calculated to prevent surprise." Farrell v. St. Vincent's Hospital, 203 Conn. 554, 557 (1987); see also Pawlinski v. Allstate Ins. Co., 165 Conn. 1, 6. Only the issues raised in the pleadings can be tried before the jury. See Farrell, supra, 558. Because the reduction for collateral sources provided by section 52-225 is not a matter to be tried to the jury or a matter to be raised at trial, it is unnecessary for defendants to affirmatively plead the same.
With regard to defendants' assertion that a collateral source reduction is a setoff which must be pled, pursuant to Practice Book Section 168, the right afforded by General Statutes Section 52-225 is not a setoff. A setoff is a claim by defendant against a plaintiff on a debt independent of the action sued upon. Savings Bank of New London v. Santaniello, 130 Conn. 206, 211 (1943). A collateral source payment is not a claim on a debt independent of the cause of action sued upon. It is a payment made to plaintiff by or pursuant to any health, sickness or automobile insurance policy provision, health benefits or payments made pursuant to any contract to provide, pay for or reimburse costs of health care services. General Statutes Section 52-225b (defining collateral sources).
Accordingly, plaintiff's motion to strike defendants' second special defense is denied, and plaintiff's motion to strike defendants' third special defense is granted.
SANTOS, JUDGE. CT Page 1519